DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, T.B., appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated him delinquent by virtue of violating the terms of his probation and committed him into the custody of the Department of Youth Services. Because this Court lacks jurisdiction, we dismiss this appeal.
 {¶ 2} On August 1, 2006, T.B. was adjudicated a delinquent child by virtue of committing the crimes of rape, a violation of R.C.2907.02(A)(1), and gross sexual imposition, a violation of R.C.2907.05(A)(4). On September 18, 2006, the juvenile court placed T.B. on sex offender probation "until all Treatment *Page 2 
and all Orders of the Court are completed" and ordered him to complete sexual offender treatment. The court also concluded that T.B. would "reside with his mother in Worthington, Oh during the week as she is employed there and is in the best situation to provide proper supervision" and transferred the matter to Franklin County Juvenile Court for probation supervision. On June 1, 2007, the Franklin County Juvenile Court denied the transfer request.
 {¶ 3} T.B. appeared before the Summit County Juvenile Court again on June 8, 2007, charged with violating the terms of his probation. T.B. denied the charges at that time but, on June 28, 2007, appeared in court for a second time and admitted the charge. The magistrate found:
 "[T.B.] violated his probation by failing to follow household rules. His whereabouts are often unknown. He has lost his placement with his adoptive parents. He has not had any sex offender specific treatment since being placed on probation. Commitment to ODYS will provide a secure setting for sexual offender treatment."
The magistrate then proceeded with disposition and ordered T.B. into the custody of the Department of Youth Services for a minimum of one year. The juvenile court adopted the decision of the magistrate and entered judgment on July 2, 2007. On November 29, 2007, T.B. filed a notice of appeal to this Court.
 JURISDICTION {¶ 4} This Court is required to raise sua sponte issues regarding our jurisdiction. Whitaker-Merrell Co. v. Geupal Constr. Co. (1972),29 Ohio St.2d 184, 186. App.R. 4(A) provides that "[a] party shall file the notice of appeal *Page 3 
required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." The time limit contained in App.R. 4(A) is jurisdictional and cannot be waived. State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appealsfor Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 36.
 {¶ 5} "In those cases in which both Civ.R. 58(B) and App.R. 4(A) are applicable, if service of the notice of judgment and its entry is made within the three-day period of Civ.R. 58(B), the appeal period begins on the date of judgment, but if the appellants are not served with timely notice, the appeal period is tolled until the appellants have been served. Consequently, App.R. 4(A) `tolls the time period for filing a notice of appeal * * * if service is not made within the three-day period of Civ.R. 58(B).'" (Internal citation omitted.) State ex relSautter v. Grey, Slip Opinion No. 2008-Ohio-1444, at ¶ 16, quotingState ex rel. Hughes v. Celeste (1993), 67 Ohio St.3d 429, 431. In this respect, Civ.R. 58(B) provides:
 "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)." *Page 4 
Pursuant to Civ.R. 5(B), service is perfected upon a party represented by counsel by service upon the attorney "unless service upon the party is ordered by the court." Underlying Civ.R. 58(B) is the requirement of "reasonable notice" of one's right to appeal judgments. See Atkinson v.Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 84-85. Consequently, "[t]he opportunity to file a timely appeal pursuant to App.R. 4(A) is rendered meaningless when reasonable notice of an appealable order is not given."Moldovan v. Cuyahoga Cty. Welfare Dept. (1986), 25 Ohio St.3d 293, 295.
 {¶ 6} The requirements of Civ.R. 58(B) apply to juvenile proceedings as well. In re Anderson (2001), 92 Ohio St.3d 63, 67. In In reAnderson, the Court applied Civ.R. 58(B) and the tolling provision of App.R. 4(A) to juvenile cases, with no special provision for service other than as provided by Civ.R. 5(B). Accordingly, service of a final judgment entry in a juvenile case is complete when notice is served upon counsel for a represented party and service is noted in the appearance docket. See Civ.R. 5(B) and 58(B); In re Anderson at 67. Once the notice is served and notation is made in the appearance docket, the service is complete and the thirty-day period provided by App.R. 4(A) commences. See Civ.R. 58(B); Sautter at ¶ 16.
 {¶ 7} In this case, the juvenile court journalized its final judgment entry on July 2, 2007. The judgment entry contains a notation that it should be served as follows: *Page 5 
 "cc: PARENT/GUARDIAN, JUVENILE, BOARD OF EDUCATION, DYS-CLASSIFICATION, DYS-REGIONAL, ATTORNEY JAMES BRIGHTBILL, AS ST. PROS. HEAVEN DIMARTINO, ALLEN KELLY, SUMMIT COUNTY JAIL BOOKING"
A handwritten mark appears through the "cc:" area of this notation, accompanied by the date "7/2/7" and the initials "TM." The judgment entry also contains an instruction to the clerk of courts to serve notice of the judgment, and a notice from the clerk is appended to the judgment as follows:
 "PURSUANT TO CIVIL RULE 58(B), THE CLERK OF COURTS IS REQUIRED TO NOTIFY YOU THAT THE FOLLOWING JOURNAL ENTRY/ORDER HAS BEEN FILED WITH OUR OFFICE UNDER:
 "Volume: 897 Page: 343
 "LINDA TUCCI TEODOSIO, JUDGE[1]
 "JUVENILE CLERK OF COURTS"
 {¶ 8} It is apparent from the docket that the July 2, 2007, judgment entry was served upon counsel for T.B. "`Although the docket notation is not conclusive evidence that service was made, a reviewing court shall presume regularity absent any evidence to the contrary.'" In reRoberts, 5th Dist. No. 04 CA 41, 2005-Ohio-2672, at ¶ 10, quotingState ex rel. Ormond v. City of Solon, 8th Dist. No. 82553,2003-Ohio-5654, at ¶ 8. Service upon T.B.'s attorney was sufficient pursuant to Civ.R. 58(B) and Civ.R. 5(B), and T.B.'s position that his *Page 6 
appeal period was indefinitely tolled because he did not personally receive service is incorrect. This appeal does not fall within the Civ.R. 58(B) exception set forth in App.R. 4(A), and T.B.'s notice of appeal, dated November 29, 2007, is considerably beyond the period for perfecting an appeal. Absent a motion for delayed appeal pursuant to App.R. 5(A), therefore, this appeal is untimely and this Court is without jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, J. MOORE, P. J. CONCUR
[1] Pursuant to R.C. 2151.12, the judge of the Summit County Court of Common Pleas, Juvenile Division, is clerk of the judge's own court. *Page 1