[Cite as *Bohannon v. Bohannon*, 2018-Ohio-2919.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TIMOTHY BOHANNON

    Appellant

    v.

LYNN BOHANNON

    Appellee

C.A. No.     28906

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2008-01-0086

DECISION AND JOURNAL ENTRY

Dated: July 25, 2018

CARR, Judge.

{¶1} Appellant Timothy Bohannon ("Father") appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that denied his three contempt motions against appellee Lynn Bohannon ("Mother"), and overruled his objections to a Child Support Enforcement Agency ("CSEA") administrative review recommendation. This Court reverses and remands.

I.

{¶2} Father and Mother were divorced in 2010, at which time they had three unemancipated children. Mother was named the residential parent, and Father received a combination of both supervised and unsupervised parenting time with the children. In addition, Father was ordered to pay child support. After various post-decree issues arose, Father and Mother entered into an agreed judgment entry on April 24, 2014, wherein Father was to receive parenting time with the two remaining unemancipated children for one-half of the summers and

school breaks, Wednesday overnight visitation with the youngest child, K., and telephone contact with both children twice a week.

{¶3} Over the course of time, CSEA recommended increases in the amount of Father's child support obligation after conducting administrative review hearings. Father filed objections with the domestic relations court after every administrative review recommendation. The most recent objection, which gives rise to one of his assignments of error in the instant appeal, was filed on November 22, 2016. By that time, only K. remained unemancipated and the subject of a child support order. That objection requested a downward deviation of child support based on an adjustment for Father's cost of living.

{¶4} In addition, Father filed three post-decree motions for Mother to show cause why she should not be held in contempt for violating parenting time orders. In the first, filed June 16, 2016, Father alleged that Mother prevented him from exercising parenting time with K. for the one-half of the summer to which he was entitled. In the second, filed October 6, 2016, he alleged that Mother interfered with his ability to have telephone contact with K., as well as Wednesday and every other weekend visits with the child. In the third motion to show cause, filed March 2, 2017, Father alleged that Mother continued to deny him his ordered parenting time.

{¶5} Although the trial court issued multiple notices for hearings on the motions and objections to occur on October 12, 2016, December 15, 2016, February 10, 2017, and May 9, 2017, the matters were not actually heard until the May 2017 date. In all instances, the notices of hearings noted the starting time for the hearing, but did not identify the length of time allotted for the hearing. The May 9, 2017 hearing was scheduled to begin at 1 p.m. Both parties filed witness and exhibit lists in advance of the hearing. Father notified the court and Mother that he

intended to present 18 exhibits and four witnesses, while Mother notified the court and Father that she intended to present nine exhibits and six witnesses. In addition, the domestic relations court had appointed a guardian ad litem for K. Based on the guardian's time log filed with the court, she spent over 14 hours investigating issues relevant to the pending motions, one hour in court during the May 9, 2017 hearing, and approximately six hours preparing a report.

{¶6} At the beginning of the hearing on Father's objections to the CSEA administrative recommendation and three contempt motions, the magistrate informed the parties that they would have a total of one hour in which to present evidence. The magistrate gave each party ten minutes to address the issue of the CSEA recommendation and Father's request for a downward deviation of his child support obligation, and twenty minutes each to address all three contempt motions. When Father indicated that he would need more time, the magistrate reiterated that she had scheduled the hearing for one hour and that neither party had moved the court for additional time in advance.

{¶7} The magistrate set a timer on her computer and held the parties to their allotted times. Only Father and Mother testified. None of the listed witnesses on either party's witness list testified. Neither did the guardian ad litem, whose time log indicated she was present for the hearing, render a report.

{¶8} The magistrate subsequently issued a one-and-a-half page decision in which she denied Father's three contempt motions "for lack of evidence" and overruled his objections to the CSEA administrative review recommendation. Father filed timely objections, which he supplemented after the filing of the transcript. In addition to challenging the magistrate's factual findings, Father argued that the magistrate unreasonably limited his ability to present evidence in support of his motions and objections by imposing arbitrary time restrictions without prior notice

at the hearing. Mother responded in opposition. The domestic relations court issued a judgment in which it denied Father's objections to the magistrate's decision, denied his three contempt motions, and overruled his objections to the CSEA recommendation and request for a downward deviation of his child support obligation. Father filed a timely appeal in which he raises three assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND VIOLATED FATHER'S DUE PROCESS RIGHTS IN LIMITING THE FATHER'S TIME TO PRESENT HIS CASE.

{¶9}  Father argues that the domestic relations court erred by restricting the time in which he was able to present his case on three contempt motions and objections to CSEA administrative review recommendations. This Court agrees.

{¶10}  As an initial matter, this Court acknowledges a trial court's "inherent authority to control its own docket and manage the cases before it." *In re A.S.*, 9th Dist. Summit No. 26462, 2013-Ohio-1975, ¶ 24, citing *Flynn v. Flynn*, 10th Dist. Franklin No. 03AP-612, 2004-Ohio-3881, ¶ 10, citing *Mayer v. Bristow*, 91 Ohio St.3d 3, 7 (2000). The exercise of that authority is reviewed for an abuse of discretion. *See In re A.S.* at ¶ 24, citing *Flynn* at ¶ 10. An abuse of discretion arises where the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In addition, in matters involving child custody and visitation, "'the trial court's discretion must be exercised in a manner which best protects the interest of the child.'" *In re A.S.* at ¶ 24, quoting *Flynn* at ¶ 15.

{¶11} In this case, Father sought a downward deviation from the child support obligation recommended by CSEA, an issue tangential to custody and visitation issues; as well

as multiple contempt findings against Mother, who allegedly had established a pattern of interfering with Father's parenting time. Accordingly, the trial court was required to exercise sound discretion in consideration of the best interest of the child in its case management when addressing those issues.

{¶12} A March 8, 2017 notice of hearing to address Father's three contempt motions and his objection to the CSEA administrative review recommendation scheduled the matters to be heard on May 9, 2017, at 1 p.m. When the parties appeared for the hearing, they learned for the first time that the magistrate had allotted only one hour to hear all four pending matters. When Father protested the limitation on his time to present evidence in support of his motions, the magistrate refused to extend time, telling the parties that no one had moved for additional time in advance of the hearing.

{¶13} In *Smith v. McLaughlin*, 9th Dist. Summit No. 24890, 2010-Ohio-2739, this Court addressed a similar issue. We overruled an assignment of error which alleged that the domestic relations court erred by limiting a post-decree evidentiary hearing regarding child support and parenting time to three hours without giving the parties notice of the time limitation. *Id.* at ¶ 14. In *Smith*, the trial court had issued a notice of hearing, scheduling the matters for a specific date and time, and noting that the hearing would take place "'for 3 hours.'" *Id.* at ¶ 13. We noted that the appellant had notice of the time restriction and seven months in which to move the trial court for additional time, if she believed she needed it. *Id.* at ¶ 14.

{¶14} The instant case is distinguishable from *Smith*. Here, none of the notices of hearing identified the amount of time allotted for the hearing. Instead, they merely indicated the time that the hearing would begin. Father, therefore, had no notice that he would be limited in his presentation of evidence on four issues, including cross-examination of Mother's witnesses,

to a mere 30 minutes. In addition, he had no notice that he needed to move the trial court for additional time in advance of the hearing. On the other hand, the magistrate was aware, based on witness and exhibit lists filed by both parties, that each side intended to call multiple witnesses and introduce numerous exhibits for the court's consideration. Moreover, the parties did not file any stipulations, and were not able to stipulate to any facts on the record prior to the hearing, leaving all critical issues in dispute. Therefore, Father was deprived of the opportunity to have the trial court reasonably consider the multiple issues before it.

{¶15} The Fifth District Court of Appeals addressed a similar situation. In *Brewer v. Brewer*, 5th Dist. Licking No. 08 CA 0040, 2009-Ohio-249, our sister district concluded that the appellant had been "afforded ample opportunity to present his arguments to the trial court as evidenced by the numerous decisions issued by the Magistrate in this case." *Id.* at ¶ 31. In the instant case, however, not only were Father's issues not addressed on prior occasions, but his multiple contempt motions had been pending for a significant amount of time. In fact, his first contempt motion had been pending for approximately 11 months before it finally came before the trial court. Given the fact that there is no way to go back in time and restore missed parenting time, the best a parent can hope for is that he or she will be awarded future substitute time and incentives to deter the other parent from further interference. When the child at issue is a teenager, as here, timely and full consideration of the issues is even more critical.

{¶16} This Court acknowledges the general rule requiring a party challenging the exclusion of evidence to proffer the excluded evidence. *See Smith*, 2010-Ohio-2739, at ¶ 14 (also noting that the appellant had not proffered any evidence she would have presented, had the trial court allowed additional time at the hearing). In addition, Evid.R. 103 provides in relevant part:

> Error may not be predicated upon a ruling which * * * excludes evidence unless a substantial right of the party is affected, and * * * the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination.

Evid.R. 103(A)(2).

{¶17} In *Balliett v. Horan*, 5th Dist. Ashland No. 97 COA 01204, 1998 Ohio App. LEXIS 3540 (July 27, 1998), the appellate court declined to consider the appellant's argument that he was precluded from engaging in a "full presentation of evidence" in the time allotted by the trial court. *Id.* at *10. The juvenile court had scheduled a six-hour hearing, allotting three hours for each parent, on pending issues regarding shared parenting, visitation, and contempt. *Id.* at *9. The trial judge limited the time, because she was retiring shortly thereafter and could not accommodate a longer hearing on her docket. *Id*. at *10-11. However, she had given the parties a choice to either accept those time constraints or continue the hearing until the new judge had taken the bench and seek additional time. *Id*. The parties chose to proceed within the six-hour time limit. *Id.* at *11. Recognizing both the trial court's "control over the mode and order of presenting evidence[,]" as well as the appellant's lack of proffer of evidence necessary for a "full presentation of evidence[,]" the appellate court wrote that it had "no way of passing on the relevance or completeness of any evidence not proffered." *Id.* at *10-12.

{¶18} This Court distinguishes the instant challenge from *Balliett* in several significant ways. First, the magistrate did not give Father and Mother a choice in advance to either accept the one-hour time limit for hearing or reschedule for a date when the court would have additional time on its docket to hear the matters. In fact, the domestic relations court had not even given the parties advance notice of any time restrictions on the presentation of evidence. Second, Father provided greater insight to the trial court regarding the evidence he would have presented

than the appellant in *Balliett* who merely sought more time for a "full presentation of evidence." *Id.* at \*10. In *In re A.S.*, 2013-Ohio-1975, this Court concluded that the appellant's "two motions essentially constitute a proffer of the evidence he sought to introduce and was entitled to introduce." *Id.* at ¶ 25. In this case too, Father filed detailed affidavits with each of his three contempt motions. He further set out relevant factual allegations in his objections to the CSEA recommendation. Accordingly, we conclude that he effectively proffered additional evidence that he might have presented, had the magistrate not severely limited the time allotted for hearing.

{¶19} Finally, the domestic relations court appointed a guardian ad litem at Father's request to investigate the pending issues. Although the guardian's time log indicated that she attended the hearing and prepared a report, she did not testify. It is only reasonable to conclude that the time restrictions imposed by the magistrate for the hearing precluded the parties from presenting this critical perspective for consideration, given that the guardian was on the witness list and present for the hearing.

{¶20} Under these circumstances, the domestic relations court abused its discretion when it unreasonably limited the time for hearing on the four pending motions/objections, summarily overruled Father's objection to the time limitation, and then denied Father's contempt motions "for lack of evidence." Father's first assignment of error is sustained.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND MOTHER IN CONTEMPT FOR INTERFERENCE WITH AND FAILURE TO ABIDE BY THE COURT ORDERS FOR PARENTING TIME.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD A DEVIATION DOWNWARD FROM THE CHILD SUPPORT

ORDER WHICH ISSUED AFTER THE CSEA ADMINISTRATIVE REVIEW
AND ERRED IN FAILING TO GRANT FATHER'S OBJECTION.

**{¶21}** In his second and third assignments of error, Father argues that the domestic relations court erred by denying his contempt motions and overruling his objections to the CSEA administrative review recommendations. Based on this Court's resolution of the first assignment of error, however, the second and third assignments of error have been rendered moot. Accordingly, this Court declines to address them. *See* App.R. 12(A)(1)(c).

III.

**{¶22}** Father's first assignment of error is sustained. This Court declines to address the second and third assignments of error. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

CAROLYN SOEDER, Attorney at Law, for Appellant.

ROBERT ROE FOX, Attorney at Law, for Appellee.

CHANDRA M. MUSTER, Guardian ad Litem.