[Cite as *Creque v. Ioppolo*, 2019-Ohio-1333.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

HEATHER CREQUE    C.A. No.    28909

    Appellant

    v.    APPEAL FROM JUDGMENT
ENTERED IN THE
LARRY IOPPOLO    COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
    Appellee    CASE No.    DR-2002-12-4814

DECISION AND JOURNAL ENTRY

Dated: April 10, 2019

HENSAL, Judge.

{¶1}   Heather Creque appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division.  For the following reasons, this Court affirms.

I.

{¶2}   Ms. Creque and Larry Ioppolo had a daughter in September 2000.  They have never been married.  For most of the child's life, Mother had custody and Father was required to pay child support.  In May 2016, Father moved for modification of custody.  Mother subsequently moved for modification of child support.  She also moved for Father to show cause why he should not be held in contempt for failure to pay child support, and for an award of attorney fees.  The court scheduled a hearing on the motions before a magistrate, but continued it after learning that the parties were in settlement negotiations.  The court continued the hearing a second time after one of the party's attorney had a personal emergency.  The parties each

attempted to continue the hearing a third time, but the court denied their motions. On the day of the hearing, Mother moved to compel Father to respond to her discovery requests.

{¶3} Following the hearing, the magistrate issued a decision that Father should have custody. He terminated Father's child support obligation and denied Mother's motions. Although the trial court adopted the magistrate's decision the same day, Mother filed timely objections to it. The trial court overruled her objections, denied her motions to show cause and for attorney fees, and awarded custody to Father. Mother has appealed, assigning six errors. We have reordered some of the assignments of error for ease of disposition.

II.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FINDING THAT THE (SIC) IT WAS IN THE MINOR CHILD'S BEST INTEREST FOR APPELLEE TO BE NAMED THE RESIDENTIAL AND LEGAL CUSTODIAN OF THE MINOR CHILD BASED ON THE FINDING THAT, "FATHER COULD NOT DO ANY WORSE THAN MOTHER AND POSSIBLY BETTER GIVEN THE CHALLENGES PRESENTED BY TEENAGERS TODAY, PARTICULARLY ONES WHERE SUBSTANCE ABUSE IN THE HOME HAS BEEN AN ISSUE", "IN THE CHILD'S BEST INTEREST, THE CHANCE MUST BE TAKEN", AND, A CHANGE WOULD BE IN THE BEST INTEREST BASED ON THE POSSIBILE BENEFITS OF THE CHANGE OUTWEIGHING THE DEMONSTRATED DETRIMENT OF LEAVING THE CHILD WHERE SHE IS. THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER AND ORDER INTO EXECUTION THE REPORT AND RECOMMENDATION OF THE GUARDIAN AD LITEM WHICH WAS STIPULATED TO BY THE PARTIES BASED ON A FINDING THAT BECAUSE NEITHER PARTY SUBMITTED A PROPOSED SHARED PARENTING PLAN, THE COURT WAS CONSTRAINED FROM FOLLOWING THE GUARDIAN AD LITEM'S RECOMMENDATIONS.

{¶4} In her third and fourth assignments of error, Mother contests the trial court's award of custody to Father. We note, however, that the parties' daughter turned 18 years old in September 2018. We, therefore, conclude that the issue of custody is moot, and we overrule Mother's third and fourth assignments of error on that basis. *See Lipscomb v. Lipscomb*, 9th Dist. Summit No. 18630, 1998 WL 417451, *1 (July 15, 1998), fn. 1; *Dahmen v. Dahmen*, 11th Dist. Trumbull No. 2007-T-0037, 2008-Ohio-2129, ¶ 9.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR CONTINUANCE AND MOTION TO COMPEL DISCOVERY IN CONTRADICTION WITH COURT RULES AND CASE LAW.

{¶5} In her first assignment of error, Mother argues that the trial court incorrectly denied her motion to continue the hearing. She moved to continue the hearing because Father had not produced the documents she requested in discovery. She also argues that the trial court failed to rule on the motion to compel that she filed regarding discovery.

{¶6} "The decision to grant or deny a continuance lies within the sound discretion of the trial judge, which requires a balancing of 'any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." (Alteration sic.) *In re T.B.*, 9th Dist. Summit No. 27334, 2014-Ohio-4040, ¶ 10, quoting *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). "In evaluating whether the trial court abused its discretion, this Court:

should note * * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 9, quoting *Unger* at 67-68.

{¶7} Mother waited until the day of the hearing to file her motion for continuance and her motion to show cause even though a local rule provided that a motion to compel discovery had to be filed no later than seven days before the next conference or hearing. The hearing had already been continued two times. Father had moved to continue the case the previous day because of an employment issue, but the court denied his motion because of the age of the case. Father's motion for modification of custody had been pending for over a year. In light of the timing of Mother's motion and the fact that she contributed to the circumstances that gave rise to her need for the continuance by not filing a timely motion to compel, we conclude that the trial court did not abuse its discretion when it denied Mother's motion for continuance.

{¶8} Regarding Mother's argument that the record does not contain a ruling by the trial court on her motion to show cause, we note that the magistrate indicated in his decision that any other outstanding motions not directly addressed by the decision were denied. The trial court subsequently adopted the magistrate's decision, including the denial of Mother's motion to show cause. After Mother objected that the magistrate had failed to rule on her motion, the trial court explained in its ruling that the motion had been untimely. It, therefore, concluded that the magistrate "was correct in not ruling on the motion." Upon review of the record, we conclude that, although the trial court mistakenly wrote that Mother's motion to show cause had not been ruled on, the error was harmless in light of the fact that the court ruled on Mother's motion and correctly determined that it was untimely under the court's local rules. Civ.R. 61. Mother's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY CONDUCTING AN UNFAIR TRIAL WHICH IS A BEDROCK RIGHT GROUNDED IN DOMESTIC DISPUTES AND IN VIOLATION OF APPELLANT'S PROCEDURAL AND SUBSTANTIVE RIGHT TO DUE PROCESS WHEREBY THE MAGISTRATE GROSSLY AND UNFAIRLY LIMITED APPELLANT'S TIME FOR PRESENTING FACTS, TESTIMONY AND WITNESSES IN CONNECTION THE PENDING MATTERS.

{¶9} In her second assignment of error, Mother argues that the magistrate unfairly limited the length of the hearing, preventing her from introducing all of her evidence. She argues that the hearing lasted only 90 minutes and that Father took over half of that time, leaving her less than 45 minutes to present her case.

{¶10} This Court has acknowledged a trial court's inherent authority to control its own docket and manage the cases before it. *Bohannon v. Bohannon*, 9th Dist. Summit No. 28906, 2018-Ohio-2919, ¶ 10. We review the trial court's exercise of that authority for an abuse of discretion. *Id.*

{¶11} Upon review of the hearing transcript, we note that there is nothing on the record about the amount of time allotted for the hearing. An exchange between the magistrate and counsel suggests that Father was given 44 minutes to present his case. It is not clear how much time Mother received, but at one point the court told her that she had five minutes left. More significantly, however, neither party objected to the time restrictions. Mother did not move for a continuance of the hearing so that she could present the rest of her evidence on another date. She also did not proffer any evidence at the end of the hearing that the magistrate had not allowed her to present. Although she objected to the magistrate's decision because of the time restrictions,

she did not identify any evidence that she would have presented if she had been allowed more time.

{¶12} In *Bohannon*, this Court concluded that the magistrate unreasonably limited the time of the hearing on the parties' motions. *Id*. at ¶ 20. In that case, however, Mr. Bohannon proffered the additional evidence that he might have presented if the magistrate had not limited the duration of the hearing. *Id*. at ¶ 18. He also indicated during the hearing that he would need more time than the magistrate had allotted. *Id*. at ¶ 6. This Court also noted that the guardian ad litem had not been able to testify in that case, even though the court had specifically appointed her to investigate the issues before it. *Id*. at ¶ 19. We, therefore, conclude that *Bohannon* is distinguishable from this case on its facts.

{¶13} Upon review of the record, we conclude that Mother has not established that the trial court exercised improper discretion when it limited the length of the hearing on the parties' motions. *See Smith v. McLaughlin*, 9th Dist. Summit No. 24890, 2010-Ohio-2739, ¶ 14 (concluding that trial court did not allow magistrate to improperly limit the length of the final hearing because Ms. McLaughlin did not object to the time limit until after the hearing began and did not proffer the evidence she would have presented). Mother's second assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN CONNECTION WITH THE APPELLANT'S MOTION TO MODIFY CHILD SUPPORT AND SUBSEQUENT SUPPORT RELATED FINDINGS, BY FAILING TO CONSIDER AND ADDRESS ALL PENDING MOTIONS BEFORE THE COURT AS EVIDENCED BY THE MAGISTRATE'S INITIAL FINDING THAT "ANY OTHER OUTSTANDING MOTIONS NOT DIRECTLY ADDRESSED ARE DENIED"; BY SUBSEQUENTLY TERMINATING APPELLEE'S CHILD SUPPORT OBLIGATION EFFECTIVE MAY 19, 2017 AND THAT THE APPELLANT WAS NOT ENTITLED TO A MODIFICATION OF CHILD SUPPORT BASED

ON APPELLEE'S ALLEGED IN-KIND CONTRIBUTIONS; AND, BY FINDING THAT APPELLANT WAS RESPONSIBLE FOR 50% OF UNINSURED OR UNREIMBURSED HEALTH CARE COSTS FOR THE MINOR CHILD.

{¶14} In her fifth assignment of error, Mother argues that the trial court incorrectly denied her motion to modify child support. "Trial courts are vested with broad discretion when deciding whether to modify an existing child support order." *Hill v. Hill*, 9th Dist. Summit No. 27915, 2016-Ohio-910, ¶ 10. Thus, we review the court's ruling on Mother's motion for an abuse of discretion. *See Eckstein v. Eckstein*, 9th Dist. Medina No. 03CA0048-M, 2004-Ohio-724, ¶ 12. We are mindful that Mother, as the moving party, had the burden of proof to show the basis for a modification of the support order. *Hill* at ¶ 10, citing *Sterns v. Sterns*, 9th Dist. Summit No. 27427, 2015-Ohio-3866, ¶ 7.

{¶15} Mother argues that the trial court erred because it did not prepare a child support worksheet. She notes that, in *In re M.O.*, 9th Dist. Summit Nos. 28351, 28371, 28383, 2017-Ohio-7691, this Court acknowledged that "[i]t is well settled that, in issuing an order for child support, a child support worksheet must be completed and made a part of the record." *Id*. at ¶ 11, citing *Marker v. Grimm*, 65 Ohio St.3d 139 (1992), paragraph one of the syllabus. Revised Code Section 3119.79(A) provides that, "[i]f an * * * obligee under a child support order requests that the court modify the amount of support required to be paid * * *, the court shall recalculate the amount of support that would be required to be paid * * * in accordance with the schedule and the applicable worksheet * * *."

{¶16} The magistrate did, in fact, prepare a worksheet based on the parties' income at the time of the hearing and attached it to his decision. Because he decided that Father should be awarded custody, he determined that Father did not owe any child support. Mother argues that the trial court erred when it adopted that decision because it should have separately determined

whether she was entitled to an increase in child support between the date she filed her motion and the date that Father was granted custody.

{¶17} The trial court did not calculate exactly how much Father's child support payments should have been between the date Mother filed her motion and the date the court awarded Father custody. Instead, it found that any increase in support that Mother would have been entitled to for that time period had already been more than paid by Father. Specifically, the court found that Father purchased a $10,000 car for the child, that he made the insurance payments on the car, that he gave the child $100 a week in spending money, and that he paid $5,000 toward the child's school tuition.

{¶18} Mother has not demonstrated how much more support she might have been entitled to if the court had calculated Father's support obligation as of the date of her motion. We also note that courts have authority to deviate from the "amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet * * *." R.C. 3119.22. We further note that one of the factors that a court may consider in deciding whether to deviate is "[s]ignificant in-kind contributions from a parent * * *." R.C. 3119.23(J).

{¶19} Mother argues that the only evidence of Father's alleged in-kind payments was his own self-serving testimony. The weight to be given the evidence, however, "and the credibility of the witnesses are primarily for the trier of facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Upon review of the record, we conclude that Mother has not established that the trial court exercised improper discretion when it denied her motion for modification of child support. Mother's fifth assignment of error is overruled.

ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS
DISCRETION BY FAILING TO APPLY THE APPROPRIATE COURT

RULES AND CASE LAW AND FAILING TO FIND APPELLEE IN CONTEMPT FOR FAILING TO PAY CHILD SUPPORT AS ORDERED; AND, DENYING APPELLANT'S MOTION FOR ATTORNEY FEES.

**{¶20}** In her sixth assignment of error, Mother argues that the trial court abused its discretion when it denied her motion to show cause and her motion for attorney fees. She argues that Father failed to pay child support for several years even though he had the ability to pay, which demonstrated a complete disregard for the support order. She also argues that, even though Father eventually made a lump sum payment to satisfy the deficiency, he should have been found in contempt and required to pay her attorney fees.

**{¶21}** "This Court reviews contempt proceedings for an abuse of discretion." *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47. "To establish contempt, the moving party must 'establish a valid court order, knowledge of the order by the defendant, and a violation of the order.'" *Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 11, quoting *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004–Ohio–4962, ¶ 11. "In civil contempt proceedings, a finding of contempt must be premised on clear and convincing evidence." *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 11. The party seeking to hold the other in contempt bears the burden of proving the other's failure to comply with an order of the court. *Id.* "Once the movant proves [her] prima facie case, the contemnor must present evidence of [his] inability to comply with the order or any other available defense." *Id.* "[If] contempt proceedings are invoked solely by the person aggrieved by disobedience of the court's order, a refusal to punish for contempt is largely within the discretion of the trial court * * *." (Alteration sic.) *Akin v. Akin*, 9th Dist. Summit Nos. 25524 & 25543, 2011-Ohio-2765, ¶ 44, quoting *Thomarios v. Thomarios*, 9th Dist. Summit No. 14232, 1990 WL 1777, *2 (Jan. 10, 1990).

{¶22} Father testified that he did not know whether he made his child support payments because his secretary was in charge of sending them out. He also admitted that he had done a poor job of keeping records about whether the payments had been made. He testified, however, that, when Mother called him and told him that he owed her $10,000, he gave it to her the next time they were in court.

{¶23} The trial court found that Mother did not submit an updated, certified accounting by the Child Support Enforcement Agency to show what Father owed or when he owed it. It found that Father paid off any arrearage immediately after Mother told him that he was in arrears. It, therefore, found that Mother had failed to establish that Father was in contempt. The court also found that Mother had not submitted any evidence about the attorney fees she had incurred in preparing the motion for contempt. Accordingly, it did not award her attorney fees.

{¶24} Father's testimony, which was accepted by the magistrate and trial court, suggests that he did not knowingly violate the child support order and that he made amends after being informed of his deficiency. Mother has not pointed to any evidence in the record that indicates that Father's failure pay child support was intentional. Mother also did not provide any evidence about the attorney fees she incurred in prosecuting her motion. Although Mother alleges that she was unable to present all of her evidence because of the restricted time allotted for the hearing, she did not proffer her evidence or make any attempt to supplement the record following the hearing. Upon review of the record, we cannot say that the trial court exercised improper discretion when it denied Mother's motion to show cause and motion for attorney fees. Mother's sixth assignment of error is overruled.

III.

{¶25} Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶26} I concur in the majority's judgment. With respect to the second assignment of error, I write to express my concerns about the limited time allotted for the hearing. The hearing was to address multiple motions, including custody of the parties' minor child. It is clear from reading the transcript that the time constraints imposed real challenges for the parties and their attorneys. Nonetheless, because Ms. Creque did not object at the hearing to the time limits, did not attempt to proffer the evidence she was prevented from submitting, did not file anything that would be equivalent to a proffer, nor has she explained on appeal how the exclusion of the evidence prejudiced her, I conclude that she has not demonstrated that the trial court abused its discretion in overruling her objection to the magistrate's decision. *See Bohannon v. Bohannon*, 9th Dist. Summit No. 28906, 2018-Ohio-2919, ¶ 12, 14, 16, 18; *see also* Civ.R. 61.


<u>APPEARANCES:</u>

LESLIE A. WEISS, Attorney at Law, for Appellant.

DEAN A. COLOVAS, Attorney at Law, for Appellee.

MARY E. RANDAZZO, Guardian ad Litem.