[Cite as *Holsopple v. Holsopple*, 2020-Ohio-1210.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOSEPH HOLSOPPLE

    Appellant

    v.

AIMEE HOLSOPPLE

    Appellee

C.A. No.    29441

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2010-11-3250

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

TEODOSIO, Presiding Judge.

{¶1}    Joseph Holsopple appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, overruling objections to the magistrate's decision and naming Aimee Holsopple as the sole residential parent.  We affirm.

I.

{¶2}    In 2010, Joseph Holsopple and Aimee Holsopple were divorced, with Mr. Holsopple being awarded custody of the couples' two minor children.  At that time, Ms. Holsopple resided in Florida while Mr. Holsopple resided in Ohio.

{¶3}    In 2017, Ms. Holsopple filed a motion for custody of the two children.  A hearing was held before the magistrate on September 17, 2018, with the guardian ad litem appearing as the witness.  On September 27, 2018, an order was entered requiring Mr. Holsopple to refrain from using alcohol and to receive a SCRAM Remote Breath Alcohol Device, which was to be used 10

times per day for a period of 20 days. The order also modified Ms. Holsopple's visitation schedule and reset the evidentiary hearing to October 16, 2018.

{¶4} After the October 16 hearing, the magistrate issued a decision naming Ms. Holsopple as the sole residential parent. Mr. Holsopple filed his objection to the magistrate's decision, which was overruled by the trial court on May 17, 2019, with the judgment entry naming Ms. Holsopple as the sole residential parent. Mr. Holsopple now appeals, raising four assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING MOTHER CUSTODY UNDER A NON-EXISTANT [sic] OHIO REVISED CODE SECTION[.]

{¶5} In his first assignment of error, Mr. Holsopple argues that the trial court erred by granting Ms. Holsopple custody under a non-existent section of the revised code. He contends "the Magistrate in here [sic] decision cited a statute that is not within the Domestic Relations Statutes at all." We disagree.

{¶6} Pursuant to Civ.R. 53(D)(4)(a), "[a] magistrate's decision is not effective unless adopted by the court." Accordingly, it is axiomatic that a magistrate's decision is not a final, appealable order. *See, e.g., Tallmadge v. Barker*, 9th Dist. Summit No. 24414, 2009-Ohio-1334, ¶ 23. "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. An abuse of discretion

implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶7}** The error at issue appears in the magistrate's decision, which indicated that "[i]n determining the best interest of the children, the [c]ourt considered the factors listed in §3109d(F)(1)." In overruling Mr. Holsopple's objection, the trial court noted that it was "logical to assume that this is a typographical error since section 3109.04(F)(1) of the Ohio Revised Code addresses the best interest factors to which the Magistrate references." We find no abuse of discretion in that determination.

**{¶8}** Moreover, even if the misplaced letter "d" in place of ".04" did not constitute a mere typographical error, it was not adopted by the trial court, which modified the decision to indicate that it considered the relevant factors as set forth in R.C. 3109.04(F)(1). The trial court also specifically corrected the error in paragraph 22 of its order. Because this is necessarily an appeal from the judgment of the trial court, and not an appeal from the magistrate's decision, and because the error was corrected by the trial court, we conclude Mr. Holsopple's argument is misplaced.

**{¶9}** Mr. Holsopple's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING MOTHER CUSTODY BASED ON THE ORDER THE JUDGE SIGNED IN PLACE OF THE MAGISTRATE THAT WAS NEVER SERVED[.]

{¶10} In his second assignment of error, Mr. Holsopple argues the trial court erred in basing its decision to grant Ms. Holsopple custody based upon an order that was never served. We disagree.

{¶11} "[T]here is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence." *Jacobs v. Szakal*, 9th Dist. Summit No. 22903, 2006-Ohio-1312, ¶ 14, quoting *Rafalski v. Oates*, 17 Ohio App.3d 65, 66 (8th Dist.1984). Likewise, although a docket notation is not conclusive evidence that service was made, we presume regularity absent any evidence to the contrary. *In re T.B.*, 9th Dist. Summit No. 23990, 2008-Ohio-2026, ¶ 8. The determination of whether service of process was sufficient in any particular case rests within the sound discretion of the court. *Thomas v. Corrigan*, 135 Ohio App.3d 340, 344 (11th Dist.1999). "In making this determination, the trial court may assess the competency and credibility of the evidence of nonservice." *Talarek v. Miles*, 9th Dist. Lorain No. 96CA006567, 1997 WL 422887, *4 (July 23, 1997).

{¶12} The magistrate's order of September 27, 2018, required Mr. Holsopple to use a SCRAM Remote Breath Alcohol Device, modified Ms. Holsopple's visitation schedule, and reset the evidentiary hearing to October 16, 2018. Although the magistrate's decision noted Mr. Holsopple's disregard for the order, Mr. Holsopple contends he was not aware of its requirements.

{¶13} The following testimony was given by Mr. Holsopple at the October 16, 2018, hearing:

Q. Were you aware of the temporary orders that were issued around the 27th, 28th of September and to be in effect until the hearing today?
A. No, I was not.
Q. You were not given those orders?
A. No.
Q. So you were unaware that you were supposed to be having that scram device?
A. Right.
Q. And you were unaware of the slight change to the parenting time to the mom.

A. I had no idea[.]

Mr. Holsopple also points to the testimony of Ms. Holsopple, who testified that although the order "was all electronically sent to lawyers[,]" she did not receive it herself. In overruling Mr. Holsopple's objection to the magistrate's decision, the trial court noted the presumption of proper service, and stated that it was "not satisfied with the excuse" that Mr. Holsopple never received a copy of the order.

{¶14} Although Mr. Holsopple's testimony indicates that he was not given the order, and was unaware of its requirements, there is no testimony indicating that service was not proper or that the order was not served upon the parties' attorneys. The trial court docket indicates that service was made upon Mr. Holsopple's attorney via e-mail on September 27, 2018. The order reset the hearing date to 10:00 a.m. on October 16, 2018, and both parties and their attorneys were present, indicating that they had notice of the proceedings.

{¶15} Mr. Holsopple was provided the opportunity to offer testimony as to his lack of knowledge regarding the October 16 order. It was within the discretion of the trial court, however, to assess the credibility of this testimony. We cannot conclude that the trial court's determination was an abuse of that discretion.

{¶16} Mr. Holsopple's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION IN THE TIME ALOTTED FOR THE TRIAL [sic] AND DENIED THE PLAINTIFF THE ABILITY TO PROCEED ON ITS CASE AFTER ONLY ALLOWING 30-MINUTES INSTEAD OF THE PLANNED-ON TIME ALLOTTED FOR THE TRIAL[.]

{¶17} In his third assignment of error, Mr. Holsopple argues the trial court erred by limiting his time at hearing to thirty minutes. We disagree.

{¶18} We have previously acknowledged a trial court's inherent authority to control its own docket and manage the cases before it. *Bohannon v. Bohannon*, 9th Dist. Summit No. 28906, 2018-Ohio-2919, ¶ 10. We review a trial court's exercise of that authority for an abuse of discretion. *Id.* An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶19} Mr. Holsopple cites to our decision in *Bohannon* in support of his argument, however we find that case to be distinguishable. In *Bohannon*, we found that under particular circumstances, the domestic relations court abused its discretion in unreasonably limiting the time for hearing on four pending motions and objections. *Bohannon* at ¶ 20. We pointed to the fact that the parties only learned of the one-hour time limit when they appeared for the hearing, and that at that time, the father protested the limitation on his time for presenting evidence in support of his motions. *Id.* at ¶ 12. We also noted that although the guardian ad litem was on the witness list and had attended the hearing and prepared a report, it was reasonable to conclude that the time restriction imposed by the magistrate precluded the parties from presenting the guardian's testimony.

{¶20} In the matter currently before us for review, after the first day of the evidentiary hearing on September 17, 2018, a magistrate's order was entered on September 27, 2018, resetting the evidentiary hearing to "**October 16, 2018, from 10 a.m. - 11 p.m.** [sic]" The order further set forth: "Each side shall have 30 Minutes. No additional time shall be provided." Although Mr.

Holsopple testified that he was not given the order, his testimony does not reference the time restraints placed upon the hearing by the trial court, nor was he asked about those restraints.

{¶21} The trial court docket indicates that service was made upon Mr. Holsopple's attorney via e-mail on September 27, 2018. Despite the fact that Mr. Holsopple testified that he was neither aware of nor given the order, there is no evidence that service was not made upon his attorney. As previously noted, although a docket notation is not conclusive evidence that service was made, we presume regularity absent any evidence to the contrary. *In re T.B.*, 9th Dist. Summit No. 23990, 2008-Ohio-2026, ¶ 8.

{¶22} Although Mr. Holsopple implies the trial court originally intended or promised a longer period of time for the hearing, he provides no evidence of such a communication. Likewise, Mr. Holsopple points to nothing in the record indicating he objected to the time restriction on the day of hearing, or that he had requested additional time from the trial court. Rather, at the beginning of the October 16 hearing, the magistrate stated that each side will have 30 minutes; neither side offered any objection or requested additional time. Mr. Holsopple also fails to show that he was denied the opportunity to call any witness that he intended to call absent the time restriction.

{¶23} Accordingly, we cannot conclude the trial court abused its discretion in placing time limits on the hearing. Mr. Holsopple's third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING MOTHER'S MOTION FOR CUSTODY BASED ON ITS INTERPRETATION OF [R.C.] 3109.04 AND THE SUBSTANTIAL CHANGE IN CIRCUMSTANCES[.]

{¶24} In his fourth assignment of error, Mr. Holsopple argues the trial court erred in granting Ms. Holsopple custody based upon "the issues of a substantial change in circumstances and best interest review" under R.C. 3109.04. We disagree.

{¶25} In the absence of an agreement by the parties, before the trial court may reallocate parental rights and responsibilities, it must find (1) a change in the circumstances of the child or the residential parent, (2) that the reallocation is necessary to serve the best interest of the child, and (3) that the advantages of the change in the child's environment outweigh any likely harm caused by the change. R.C. 3109.04(E)(1)(a)(iii). In determining the best interest of the child, the trial court must consider the following non-exhaustive list of statutory factors:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent

previously has been convicted of or pleaded guilty to a violation of [domestic violence] or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

R.C. 3109.04(F)(1).

{¶26} The trial court determined that there had been a change of circumstances with regard to Mr. Holsopple based upon his alcohol-related issues which compromised his ability to adequately meet the needs of the children. The trial court then proceeded to consider the relevant facts, including those enumerated under R.C. 3109.04(F)(1), in determining whether a reallocation of parental rights and responsibilities was in the best interests of the children.

{¶27} Although Mr. Holsopple contends the trial court abused its discretion, he points to no error in the trial court's determination of a change in circumstances. Likewise, although Mr. Holsopple recites the factors for determining the best interest of a child under R.C. 3109(F)(1), he fails to explain how the trial court erred in its own analysis of the factors. Mr. Holsopple has failed to develop an argument in support of this assignment of error, and this Court declines to formulate an argument on his behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

**{¶28}** Within this assignment of error, Mr. Holsopple also questions the trial court's reference to the magistrate's finding of fact that Mr. Holsopple possesses firearms which are kept in the house, arguing that there was no testimony "about the use of guns." Despite there being no testimony as to the "use" of guns, the guardian ad litem did testify that she had "a concern about father's alcohol use, and that there is a gun in the household * * *."

**{¶29}** Finally, Mr. Holsopple again questions the trial court's reference to the order dated September 27, 2018, on the basis that he never received the order. This argument was addressed under Mr. Holsopple's second assignment of error.

**{¶30}** Mr. Holsopple's fourth assignment of error is overruled.

III.

**{¶31}** Mr. Holsopple's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

BRANDON KOHRS, Attorney at Law, for Appellant.

KELLY NEWBROUGH, Attorney at Law, for Appellee.

CHANDRA MUSTER, Guardian ad Litem.

SARAH JACKSON, Attorney at Law, for children.