[Cite as *Niederst v. Niederst*, 2018-Ohio-5320.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARK NIEDERST, et al.

     Appellees/Cross-Appellants

     v.

BRENDA NIEDERST, et al.

     Appellants/Cross-Appellees

C.A. No.     28846

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2016-07-3026

DECISION AND JOURNAL ENTRY

Dated: December 26, 2018

SCHAFER, Presiding Judge.

{¶1} Defendants/Appellants/Cross-Appellees, Brenda Niederst and Wynn Investments, LLC, appeal the judgment of the Summit County Court of Common Pleas. Defendants/Appellees/Cross-Appellants, Mark Niederst and Niederst Portage Towers, LLC, filed a cross-appeal.

I.

{¶2} Mark Niederst aka Mark Spagnuolo and Niederst Portage Towers, LLC (collectively "Mark") filed suit against Brenda Niederst and Wynn Investments, LLC (collectively "Brenda"). The underlying dispute stems from a disagreement between Mark and Brenda, brother and sister, over their respective obligations relating to certain real property jointly owned by and through the siblings and their related entities.

{¶3} Through mediation, the parties reached an agreement and executed an initial settlement agreement on December 5, 2016. Per this agreement, the parties would divide the

properties at issue, with Brenda receiving the entire interest in Cross Creek, and Mark receiving the entire interest in Portage Towers along with a $650,000.00 payment from Brenda. This settlement agreement purported to set forth the material terms of the agreement with the understanding that the parties may negotiate more definitive terms. The parties agreed that within seven days they would enter the more definitive settlement agreement, dismiss the pending lawsuit with prejudice, and effectuate the execution and recording of the deeds to complete the transfer of real estate.

{¶4} Mark filed an emergency motion to enforce the settlement agreement on January 2, 2017, asserting, among other things, that Brenda refused to sign the more definitive settlement called for in the December 5th agreement. The trial court held a hearing on that motion, which resulted in the parties entering into a new settlement agreement. The January 4, 2017 settlement agreement set out the terms and timeline for performance, and designated the date for closing on the transfer of the real estate as February 9, 2017. The parties stipulated to a dismissal of all claims with prejudice, with the court to retain jurisdiction over the settlement agreement.

{¶5} On February 1, 2017, Mark filed a motion to enforce the settlement agreement and request for sanctions and attorney fees. Although the time to close on the transaction had not yet passed, Mark argued that Brenda failed to cooperate by refusing to sign the necessary loan extension documents to take the Portage Towers property out of default. The trial court referred the matter to the magistrate for resolution. After preliminary discussions with counsel and the parties relative to the anticipated closing date for the exchange of the properties, the magistrate set the matter over for a hearing on the motion for April 4, 2017. At the hearing, Mark sought to establish that Brenda breached the settlement agreement, presented evidence of damages stemming from the alleged breach, and argued for sanctions based on Brenda's conduct. In

response, Brenda argued that she was excused from performance because Mark materially breached the settlement agreement and/or anticipatorily repudiated the contract.

{¶6} Following the hearing, the magistrate issued a decision finding that Brenda breached the settlement agreement by failing to sign the loan extension documents for the mortgage on Portage Towers until February 8, 2017. As a direct result of the breach, the magistrate found that Mark was entitled to recover attorney fees in the amount of $9,569.00, bank fees in the amount of $11,176.45, bank legal fees in the amount of $24,016.45, and attorney fees for the appearance of Jeff Brauer at the hearing in the amount of $1,442.16 for a total damage award of $46,204.06. The magistrate made no finding on Mark's request for sanctions, but found that the motive behind Brenda's conduct in withholding signature on the loan extension document was unclear, and declined to engage in speculation.

{¶7} Mark and Brenda, respectively, filed objections to the magistrate's decision. Brenda objected to the magistrate's failure to find that Mark materially breached and anticipatorily repudiated the settlement agreement, the magistrate's finding that Mark was damaged by Brenda's breach of agreement, and the magistrate's finding that Mark was entitled to $11,176.45 in damages for bank fees. Mark objected to the magistrate's finding on damages, contending that damages should also be awarded for attorney fees incurred from December 2016 through January 2, 2017, for attorney fees for attending two hearings, and for sanctions based on Brenda's bad faith and repeated breaches. On October 12, 2017 the trial court entered judgment adopting, while modifying in part, the magistrate's decision.

{¶8} The parties have timely appealed the decision of the trial court, with each presenting three assignments of error for our review.

II.

**Brenda's Assignment of Error I**

**Whether the trial court erred by sustaining the [m]agistrate's [d]ecision that [Mark] did not materially breach and [Brenda] did materially breach the parties' typewritten settlement agreement.**

{¶9} Brenda contends that the trial court abused its discretion by "arbitrarily penalizing Brenda for Mark's material breach and ignoring compelling evidence of his gamesmanship * * *." Brenda argues that the trial court arbitrarily drew a distinction between her conduct and Mark's conduct, which Brenda alleges resulted in Mark's own breach of the settlement agreement. We disagree.

{¶10} "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶11} Brenda claims the trial court should have rejected the magistrate's decision and instead found that Mark materially breached the settlement agreement and that Brenda's conduct was insignificant, largely immaterial, and did not impact the transaction closing by the agreed upon date.

{¶12} There is no dispute that Mark and Brenda are parties to an enforceable settlement agreement. A settlement agreement is a contract intended to resolve claims in lieu of litigation.

*Wochna v. Mancino*, 9th Dist. Medina No. 07CA0059-M, 2008-Ohio-996, ¶ 11. Accordingly, a party asserting the breach of a settlement agreement must establish all elements of a breach of contract: the existence of an agreement, that the non-breaching party fulfilled its obligations under the agreement; a breach without legal justification; and damages to the non-breaching party. *Id.*

{¶13} In adopting the magistrate's finding and concluding that Brenda breached the settlement agreement, the trial court stated:

> [Brenda's] failure to complete the loan extension paperwork placed Portage Towers at risk of default, and directly threatened the viability of the bargained-for exchange. Further, Brenda was notified on numerous occasions and by multiple individuals that the extension paperwork needed to be executed, and she was repeatedly advised of the consequences for failing to timely provide the extension paperwork. Despite these notifications, [Brenda] ignored the requests and failed to timely execute the extension paperwork. By engaging in her conduct, [Brenda] placed Portage Towers at risk of default and foreclosure and needlessly incurred unnecessary costs.

In reaching this decision, the trial court noted that Brenda's conduct was "vastly different" from Mark's conduct and, considering the evidence and the terms of the settlement agreement, the trial court found that Mark's purported deficiencies "were small and immaterial to the bargained for exchange." Thus, the trial court agreed with the magistrate's finding that Mark's alleged failure to perform "was non-material and was reasonably rectified upon notification of the deficiency[,]" overruled Brenda's objection, and concluded that Mark had not committed a material breach that would excuse Brenda from the duty to perform under the settlement agreement.

{¶14} Brenda argues that the trial court ignored "compelling evidence" of Mark's gamesmanship and premature filing of a motion to enforce. She also argues that the trial court "completely disregarded" the testimony presented by her attorney and fact witness, Anne Corrigan, that Brenda timely signed and delivered the loan extension paperwork to the bank's

attorney prior to the agreed upon closing date, and that such paperwork was, in any event, not fundamental to the transaction. Brenda contends that Mark's delay in transferring certain Cross Creek accounts and records was a material breach of the settlement agreement because it undermined the fundamental purpose of the agreement.

{¶15} The arguments Brenda presents in this appeal essentially reiterate the arguments presented to the magistrate and trial court below: that Mark's conduct was more egregious and material to the transaction than Brenda's own conduct. However, Brenda has not identified any relevant testimony or evidence in the record to establish that the trial court abused its discretion in finding that Mark had not materially breached the settlement agreement. The record before us, including the testimony of Ms. Corrigan, does not support Brenda's argument that her failure to timely execute the loan extension paperwork was insignificant or immaterial. Moreover, Brenda has not established that the trial court failed to consider such testimony in reaching its decision.

{¶16} Brenda has failed to demonstrate that the trial court acted arbitrarily, or otherwise abused its discretion, in determining that Mark did not materially breach the parties' agreement, that Brenda was not excused from performing under the agreement based on Mark's conduct, and that Brenda's actions constitute a material breach of the settlement agreement.

{¶17} Brenda's first assignment of error is overruled.

### Brenda's Assignment of Error II

**Whether the trial court erred by overruling [Brenda]'s objection to the [m]agistrate's [d]ecision that [Mark] anticipatorily repudiated the parties' typewritten settlement agreement.**

{¶18} Within her second assignment of error, Brenda argues that the trial court erred when it overruled Brenda's objection to the magistrate's decision that Mark did not anticipatorily

repudiate the settlement agreement. Alleging Mark's failure to transfer bank accounts, employee files, and bank stubs on time, Brenda argues that she was justified in suspending her own performance under the settlement agreement. Brenda contends that Mark made clear that he would not perform his duty to transfer ownership in Cross Creek to Brenda, and gave "unconditional refusals to perform[.]" We disagree.

{¶19} We apply the same abuse of discretion standard of review to the trial court's decision to adopt the magistrate's decision, and consider whether the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Barlow*, 2009-Ohio-3788, at ¶ 5; *Blakemore*, 5 Ohio St.3d at 219.

{¶20} Anticipatory repudiation occurs when one party to a contract declares that he will not perform the terms of the contract, and the injured party can immediately maintain an action for breach. *Cambridge Co., Ltd. v. Telsat Inc.*, 9th Dist. Summit No. 23935, 2008-Ohio-1056, ¶ 8. "'To prevail on a claim of anticipatory breach of contract, a plaintiff must establish that there was a contract containing some duty of performance not yet due and, by word or deed, the defendant refused future performance, causing damage to the plaintiff.'" *Id*. quoting *Banks v. Bob Miller Builders, Inc.*, 10th Dist. Franklin No. 01AP-582, 2001 WL 1608131, *3 (Dec. 18, 2001) (Stating that "[t]he repudiation must be expressed in clear and unequivocal terms.").

{¶21} In ruling on Brenda's objection, the trial court found "little evidence that [Mark] engaged in any action or made any statements canceling the contract." In the absence of evidence that Mark clearly refused future performance the trial court agreed with the magistrate and found that "an unequivocal and clear repudiation did not occur." On appeal, Brenda has not articulated a precise argument, nor has she pointed to evidence in the record of a clear and unequivocal repudiation, to show that the trial court acted unreasonably, arbitrarily, or

unconscionably in overruling Brenda's objection. The trial court did not abuse its discretion in adopting the magistrate's decision and finding that Mark did not anticipatorily repudiate the settlement agreement. Accordingly, we overrule Brenda's second assignment of error.

### Brenda's Assignment of Error III

**Whether the trial court erred by partially sustaining the [m]agistrate's [d]ecision that [Mark] suffered damages as a result of [Brenda]'s purported breach, and awarding [Mark] damages in the amount of $35,027.61.**

**{¶22}** In the third assignment of error Brenda argues that, even if the trial court correctly found that she breached the agreement, the court erroneously awarded damages to Mark. Brenda contends that Mark did not meet his burden to prove that any damages were cause by Brenda's breach. Additionally, Brenda argues that the trial court's award of attorney fees violates public policy. We disagree.

**{¶23}** Here again, we apply the abuse of discretion standard to review the trial court's decision ruling on objections to the magistrate's decision, and consider whether the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Barlow*, 2009-Ohio-3788, at ¶ 5; *Blakemore*, 5 Ohio St.3d at 219.

**{¶24}** A settlement agreement is a contract. *Wochna*, 2008-Ohio-996, at ¶ 11. To recover damages incurred for a breach of contract, the party asserting the breach must establish the amount of damages corresponding to injuries resulting from the breach with reasonable certainty. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 144 (9th Dist.1996). Attorney fees that are incurred as a direct result of the breach of the settlement agreement are recoverable as damages. *See Tejada-Hercules v. State Auto. Ins. Co.*, 10th Dist. Franklin No. 08AP-150, 2008-Ohio-5066, ¶ 9, quoting *Shanker v. Columbus Warehouse Ltd. Partnership.*, 10th Dist. Franklin No. 99AP-772, 2000 WL 726786 (June 6, 2000).

{¶25} Brenda contends that she was under no legal obligation to execute the loan extension paperwork prior to the February 9, 2017 closing date specified in the settlement agreement and argues that, because she did execute those documents before the closing, Mark suffered no damages as a result of delay. In addition to arguing that she also incurred costs based on Mark's conduct, Brenda makes the unsupported assertion that "[n]either party would have derived any benefit from Brenda executing the paperwork any earlier in time than she ultimately did." However, Brenda's argument disregards the fact that both the magistrate and trial court found that her failure to timely execute the documents *was* a breach of the settlement agreement, notwithstanding a timely closing of the entire transaction to complete the transfer of the properties.

{¶26} Considering Brenda's argument that Mark suffered no damages because the transactions closed on the date specified in the settlement agreement, the trial court specifically found "the fact that the transactions closed on time does not equate to zero damages suffered by [Mark]." In ruling on Brenda's objection, the trial court found that the evidence at the hearing clearly established that as a result of Brenda's breach of the settlement agreement—failing to timely execute the loan extension documents—Mark incurred significant cost increases associated with the refinancing of Portage Towers and attorney fees. The trial court recognized that, in the event of a breach, Section 10 of the settlement agreement authorized the prevailing party to collect "any and all damages, expenses, attorney's fees and costs[,]" and concluded that the magistrate had correctly determined that Brenda's delay caused Mark's damages.

{¶27} Brenda also argues that an award of attorney fees is contrary to public policy because it would reward Mark for engaging in "gamesmanship" and prematurely filing motions to enforce the settlement agreement to intentionally drive up litigation costs. This argument

again disregards the fact that Mark prevailed on his motion to enforce and established that Brenda breached the settlement agreement. The trial court determined that Mark incurred additional attorney fees as a result of the breach, and that the recovery of such fees was authorized by law and pursuant to the settlement agreement. Brenda has not presented an argument to explain how her public policy contention might establish an abuse of discretion by the trial court.

{¶28} Brenda has not identified any error in the trial court's decision to award damages, in general, or attorney fees, in particular. The decision of the trial court to overrule Brenda's objection to allow Mark to recover damages for breach of the settlement agreement was not arbitrary, unreasonable, or unconscionable. We conclude that the trial court did not abuse its discretion; therefore Brenda's third assignment of error is overruled.

## Mark's Assignment of Error I

**The trial court erred in failing to award [Mark] all damages[.]**

{¶29} In this first assignment of error, Mark argues that the trial court erred in finding that the settlement agreement precluded recovery of any damages incurred prior to January 4, 2017. Mark's brief alludes generally to the trial court's failure to award "any damages" incurred prior to the parties' execution of the settlement agreement. It is evident from the brief that Mark contends that the magistrate correctly assessed as damages $11,176.45 in bank fees, and argues that the trial court erred in modifying the damage award to eliminate those banks fees. However, to the extent that Mark intended to challenge the trial court's decision with respect to any alleged damages other than the bank fees, he has failed to articulate his contention in this assignment of error.

{¶30} Mark challenges the trial court's decision to adopt and modify the magistrate's decision. This Court reviews such a decision by the trial court for an abuse of discretion. *Barlow*, 2009-Ohio-3778, at ¶5. Under the abuse of discretion standard, we consider whether the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶31} In his objection to the magistrate's decision, Mark did raise a general objection to the fact that the magistrate's damage award "did not include the attorney[] fees from December 2016 until January 2, 2017[.]" Objecting solely on the issue of damages, Mark urged that the overall damage award should be increased to $66,065.40. Without offering any evidence or argument in support, Mark made the conclusory assertion that an unspecified portion of the increased award would cover costs and attorney fees incurred from "the original breach through the second full hearing[.]"

{¶32} Mark did not object to the magistrate's finding that the waiver provision of the settlement agreement barred recovery of attorney fees and damages incurred prior to January 4, 2017. The trial court adopted the magistrate's finding that it was appropriate to consider only the attorney fees, costs, or damages that occurred after January 4, 2017, in determining damages for breach of the settlement agreement. In its decision, the trial court noted that the settlement agreement resolved prior liabilities and precluded further claims, but that it contained an exception for claims related to breach of the agreement as provided for in Section 10 of the settlement agreement. Ultimately, the trial court concluded that "[c]learly, damages related to a breach of the agreement could not occur until after the agreement was executed."

{¶33} Now, on appeal, Mark claims that the trial court erred in several respects. Mark contends that the release was not effective unless Brenda fully performed under the settlement

agreement and that, by the express terms of the settlement agreement, no claims relating to any breach of the settlement agreement were waived or released. Additionally, Mark contends that the settlement agreement actually relates back to the parties' original settlement agreement, making the true effective date December 5, 2016. However, our review of the record shows that Mark raises these issues on appeal without having raised them before the trial court in his objection to the magistrate's decision.

{¶34} Civ.R. 53(D)(3)(b)(iv) states as follows:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(ii) requires that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." "Where a party fails to raise an issue in its objections to a magistrate's decision, that issue is forfeited on appeal." *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24; *see also* Civ.R. 53(D)(3)(b). Mark forfeited the arguments not raised in his objection, and has not argued plain error. *McMaster v. Akron Health Dept. Hous. Div.*, 189 Ohio App.3d 222, 2010-Ohio-3851, ¶ 20 (9th Dist.). This Court will not review new theories asserted for the first time on appeal. *Bass-Fineberg*, 2015-Ohio-46, at ¶ 29.

{¶35} Mark did not specifically object to the magistrate's findings and conclusion that Mark was not entitled to recover any damages for breach of the settlement agreement incurred prior to the execution of the settlement agreement on January 4, 2017. Unlike Mark's challenge to the trial court's modification of the damage award, these issues did exist before the trial court. *See Russell v. City of Akron Hous. Appeals Bd.*, 9th Dist. Summit No. 17271, 1996 WL 1769, *1

(Jan. 3, 1996) (A party cannot contest on appeal an issue that *existed* before the trial court, but that the party failed to raise.). Mark has forfeited his arguments with respect to these issues and has not argued plain error on appeal.

{¶36} Accordingly, we limit our consideration to the trial court's modification of the magistrate's damage award to disallow $11,176.45 in bank fees. Mark argues that the trial court "misinterpreted" the damages relating to bank fees, mistakenly believing that they were incurred in December of 2016. Regarding Brenda's objection to the magistrate's award of $11,176.45 in bank fees, the trial court found there was no testimony to establish whether those fees were incurred before or after January 4, 2017—the date the parties executed the settlement agreement. The trial court recognized that the past-due letter establishing the bank fees of $11,176.45 was dated January 10, 2017. However, the trial court reasoned that Mark bore the burden to establish the damages with reasonable certainty and found that the evidence was insufficient to establish that those fees were actually *incurred after* January 4, 2017. Absent evidence that Mark incurred the bank fees as a result of Brenda's breach of the January 4, 2017 settlement agreement, the trial court found that Mark did not establish with reasonable certainty the $11,176.45 in bank fees as damages for breach of the settlement agreement. Accordingly, the trial court sustained Brenda's objection and decreased the amount of damages awarded to Mark by $11,176.45.

{¶37} Regardless of any mutual release provisions, Section 8 of the settlement agreement specifies that all prior and contemporaneous agreements and understandings "are of no further force and effect except as set forth [in the January 4, 2017] agreement." The magistrate and trial court found that Brenda breached the settlement agreement executed by the parties on January 4, 2017. On this basis, the trial court reduced the damage award so as not to include any damages not established with reasonable certainty as a consequence of the breach of

that settlement agreement. Further, the trial court rejected Mark's attempt to increase the award to include any alleged damages for breach of the settlement incurred prior to the execution of the settlement.

{¶38} On appeal, Mark has failed to demonstrate that the trial court abused its discretion in limiting the award to those damages established with reasonable certainty as corresponding to injuries resulting from Brenda's breach of the settlement agreement. *Textron*, 115 Ohio App.3d at 144. Therefore, Mark's first assignment of error is overruled.

## Mark's Assignment of Error II

**Trial court erred by failing to award [Mark] all attorney[] fees.**

{¶39} In his second assignment of error, Mark argues that the trial court erred in failing to award the full amount of attorney fees that Mark incurred as a result of Brenda's breach of the settlement agreement. Mark contends that the trial court "refused to award additional attorney[] fees incurred for the time at the actual evidentiary hearings on the motion to enforce ***" and "failed to acknowledge that the length of the hearings and additional fees incurred [] could not be known at the time of the hearing."

{¶40} Initially, we note that Mark's argument fails to direct this Court to the parts of the record on which he relies, as required by App.R. 16(A)(7). Ostensibly, Mark aims to challenge the following portion of the trial court's decision:

> Next, the [c]ourt further finds that while the time spent at the hearings by [Mark]'s counsel may have been recoverable, the burden is on the [Mark] to provide evidence as to the cost of that representation. Damages cannot be based on mere speculation or conjecture. *Ben. Evolution v. Atl. Tool & Die*, 9th Dist. No. 25405, 2011-Ohio-4062. Here, no evidence was presented as to the amounts owed as a result of the hearings. Without some evidence as to the cost of the representation at the hearings, the [c]ourt finds any award [of] damages would be speculative and improper. Accordingly, the [c]ourt finds the [m]agistrate correctly excluded any damages for the work performed at the two hearings.

The trial court apparently made this finding based on one part of Mark's three-part objection to the magistrate's award of damages.

**{¶41}** To assign as error on appeal the trial court's adoption of any of the magistrate's findings or legal conclusions, Mark must have objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b). Civ.R. 53(D)(3)(b)(iv). "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection. Civ.R. 53(D)(3)(b)(ii).

**{¶42}** Mark's objection to the magistrate decision stated that "[t]he sole issue raised by this [o]bjection is the amount of the award." In the objection, Mark asserted that he should have been awarded damages in the amount of $66,065.40, including the costs and attorney fees stemming from "the original breach through the second full hearing," plus "sanctions/punitive damages" for Brenda's "bad faith acts and repeated breaches of the parties' [s]ettlement [a]greement." The only portion of Mark's objection relevant to this assignment of error, is the claim that "damages should have been awarded for the time counsel spent at the two evidentiary hearings[.]" The basis for this vague request for the trial court to make a finding that Mark was entitled to an award of attorney fees in an unspecified amount for attending two hearings is not apparent, and the grounds for such an objection are not evident.

**{¶43}** Based upon our review of the argument raised in Mark's brief and the record before us, we find that Mark's objection to the magistrate's decision on the grounds of additional attorney fees for attendance at evidentiary hearings lacks the specificity and particularity required by Civ.R. 53(D)(3)(b)(ii). Having failed to object to a finding or conclusion "as required by Civ.R. 53(D)(3)(b)" Mark forfeited all but a claim of plain error for this issue on appeal. Civ.R. 53(D)(3)(b)(iv); *Bass-Fineberg*, 2015-Ohio-46, at ¶ 24 ("Where a party fails to raise an issue in its objections to a magistrate's decision, that issue is forfeited on appeal.") Mark

has not argued plain error. Consequently, we conclude that Mark has forfeited the argument that the trial court erred in declining to award unspecified attorney fees for attending hearings and overrule Mark's second assignment of error.

### Mark's Assignment of Error III

**Trial court erred in not sanctioning [Brenda] or awarding punitive damages.**

{¶44} In the third assignment of error, Mark contends that the trial court erred in failing to sanction Brenda or award punitive damages. We apply the same abuse of discretion standard of review to the trial court's decision to adopt the magistrate's decision, and consider whether the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Barlow*, 2009-Ohio-3788, at ¶ 5; *Blakemore*, 5 Ohio St.3d at 219.

{¶45} In its decision, the trial court clarified that "the [m]agistrate did not make any finding of bad faith and, accordingly, an award of sanctions by the Magistrate would have been error." The trial court emphasized the magistrate's finding and conclusion that "[w]hether [Brenda] was attempting to utilize the document as leverage for further negotiations or other reasons, this [c]ourt does not know and will not speculate." Further, the trial court found:

> Upon independent review, the [c]ourt agrees with the [m]agistrate's determination that the evidence did not establish a showing of bad faith and that any determination that the failure to sign the documents was done in bad faith would amount to mere speculation. The [c]ourt further finds damages were warranted in this matter under the terms of the type-written settlement and not as a sanction or as the result of evidence of bad faith.

{¶46} Mark's "sole objection" to the trial court was based on the amount of damages awarded by the magistrate. Specifically, he argued that "the [m]agistrate should have sanctioned [Brenda] for [her] bad faith conduct * * *" without objecting to the fact that the magistrate did not find that Brenda had engaged in bad faith conduct. Mark did not object to this finding and conclusion in the trial court as required by Civ.R. 53(D)(3)(b), and has forfeited all but a claim of

plain error—which he has not raised—for this issue on appeal.  Civ.R. 53(D)(3)(b)(iv); *Bass-Fineberg*, 2015-Ohio-46, ¶ 24.

{¶47}  Having forfeited the issue, Mark cannot challenge in this appeal the trial court's adoption of the magistrate's finding and conclusion that the evidence presented did not establish that Brenda's actions were taken in bad faith.  Therefore, Mark has not identified any basis for the trial court to have imposed sanctions or awarded punitive damages.  Hence, Mark has not demonstrated that the trial court erred in finding that the evidence did not support an award of sanctions.  Because the trial court did not abuse its discretion in adopting the magistrate's decision and declining to award sanctions or punitive damages. Mark's third assignment of error is overruled.

### III.

{¶48}  Each of Brenda's three assignments of error are overruled, and Mark's three assignments are also overruled.  The decision of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to all parties equally.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

CALLAHAN, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶49} I concur in the majority's resolution of Brenda's first, second, and third assignments of error and of Mark's third assignment of error. I also agree with the majority's resolution of Mark's first assignment of error to the extent that the majority addresses his argument on the merits. I disagree with the majority's conclusion that Mark failed to preserve other arguments raised in his first and second assignments of error by objecting in the trial court, so I respectfully dissent on that basis.

{¶50} Mark's first assignment of error asserts that "The trial court erred in failing to award plaintiffs all damages." Within this assignment of error, he develops the argument that the trial court erred by failing to award any damages attributable to Brenda's conduct that occurred before January 4, 2017. Specifically, he argued that under the terms of the Settlement Agreement, Brenda could not avail herself of the release without fully performing; that, in any event, no claims related to a breach of the Settlement Agreement were released; that the effective date of the Settlement Agreement was December 5, 2016, rather than January 4, 2017; and that

even given the trial courts erroneous conclusion regarding the effective date of the Settlement Agreement, bank fees were incurred in January and February 2017. Mark's cross-objection to the magistrate's decision sufficiently preserved this error, most notably by grounding his argument in the position that "damages for breach of the settlement should have been awarded for * * * the period after the settlement with Judge McQuade (i.e. from December 2016 forward)" and by noting that "upon breach of the Settlement Agreement, Plaintiffs were entitled to all 'damages, expenses, attorneys' fees and costs' incurred in enforcing the Settlement."

**{¶51}** Similarly, Mark's second assignment of error argues that the "Trial court erred by failing to award [him] all attorneys fees." Within his discussion of the second assignment of error, Mark noted that under the terms of the Settlement Agreement and under Ohio law, he was entitled to all attorney's fees incurred as a result of litigating the motion to enforce, including amounts that could not be determined until the proceedings ran their course. In his cross-objection, Mark argued that "The Magistrate only awarded $46,204.06, which did not include the attorneys' fees from December 2016 until January 2, 2017 [or] the attorneys' fees for attending the actual hearings[.]" This objection was sufficient to raise this issue in the trial court, and it has not been forfeited for purposes of appeal.

**{¶52}** Consequently, I disagree with the majority's conclusion that the arguments asserted by Mark in his first and second assignments of error have been forfeited, and I would address each argument on its merits.

APPEARANCES:

JON J. PINNEY, JONATHON W. GROZA, and SEAN P. MALONE, Attorneys at Law, for Appellants/Cross-Appellees.

MICHAEL R. STAVNICKY, Attorney at Law, for Appellees/Cross-Appellants..