[Cite as *Smith v. Smith*, 2023-Ohio-4755.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

BRITTANY M. SMITH

    Appellant

    v.

TIMOTHY J. SMITH

    Appellee

C.A. No.     21CA0079-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12 DR 528

DECISION AND JOURNAL ENTRY

Dated: December 27, 2023

---

SUTTON, Presiding Judge.

{¶1}    Plaintiff-Appellant Brittany Roush[1] appeals from the judgment of the Medina County Common Pleas Court, Domestic Relations Division. This Court affirms.

I.

{¶2}    Brittany Roush and Timothy Smith were married on March 29, 2006, and divorced on February 6, 2014. Two children were born as issue of their marriage, K.S. (d.o.b. June 23, 2006) and C.S. (d.o.b. October 3, 2008).

{¶3}    The parties entered into an agreed shared parenting plan as part of their divorce. Pursuant to their agreement, Mr. Smith has parenting time with his children on more than 147 overnights per year. Additionally, with respect to the children, the final divorce decree ordered

---

[1] The trial court's final judgment entry captions Plaintiff-Appellant as "Brittany M. Smith nka Roush" in the final divorce decree. To respect the restoration of Plaintiff-Appellant's name by the trial court and for clarity, we refer to Plaintiff-Appellant as Brittany Roush.

Mr. Smith to pay child support to Ms. Roush in the amount of $430.96 per month per child, plus a two percent processing fee, for a total of $861.92 per month.

{¶4}     On September 30, 2019, Medina County Child Support Enforcement Agency gave notice to the trial court of a request for a hearing made by Mr. Smith.  Because Mr. Smith was asking for a deviation from the child support guidelines, the agency asked the court to schedule a hearing on the matter pursuant to R.C. 3119.67.  In response, the trial court set a final hearing on the issue of child support modification and the parties proceeded to conduct discovery.  In the meantime, Mr. Smith filed his own motion to modify child support, arguing that Ms. Roush had "more income and resources available to her for support than she previously disclosed and, therefore, a downward deviation is warranted."  Ms. Roush also filed a motion to modify child support, arguing it had come to her attention "that [Mr. Smith's] 2019 income is significantly higher than his 2018 income, thus warranting an increase in his child support."

{¶5}     The matter came before a magistrate for a hearing on February 18, 2020.  Following the hearing, the magistrate issued a decision granting both motions to modify child support.  The magistrate found that a change in circumstances warranted a modification of child support.  The magistrate determined, however, that while Mr. Smith's increased income warranted an increase in his child support obligation under the guidelines, there was also sufficient evidence to warrant a downward deviation from the guidelines.  As a result, the magistrate  deviated the amount of Mr. Smith's child support obligation downward and fixed it at $861.92 per month, which was the same amount Mr. Smith was already paying prior to any modification.  Subsequently, after conducting an independent review and analysis of the magistrate's decision, the trial court adopted the magistrate's findings and decision as an order of the court.

**{¶6}** Ms. Roush filed objections to the magistrate's decision. Mr. Smith responded in opposition to her objections. On October 25, 2021, the trial court issued a decision overruling Ms. Roush's objections and finding that a downward deviation was warranted.

**{¶7}** Ms. Roush timely appealed, assigning three errors for our review.

II.

## ASSIGNMENT OF ERROR I

**A FATHER'S FINANCIAL RESPONSIBILITIES TO PAY CHILD SUPPORT ARE NOT WAIVED BECAUSE THE CHILDREN'S MATERNAL GRANDFATHER HAS WEALTH.**

**{¶8}** In her first assignment of error, Ms. Roush argues the trial court erred in deviating the child support calculations. Ms. Roush's assignment of error appears to suggest that Mr. Smith's entire child support obligation was waived, which is not the case, and does not accurately reflect what Ms. Roush argues on appeal. Instead, Ms. Roush challenges the trial court's downward deviation of Mr. Smith's child support obligation. For the reasons that follow, we reject Ms. Roush's argument.

Standard of Review

**{¶9}** A domestic relations court's decision to modify a child support order will only be reversed for an abuse of discretion. *Bettinger v. Bettinger*, 9th Dist. Summit No. 22621, 2005-Ohio-5389, ¶ 7. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Id.* In making the determination whether to modify a support order, the

trial court necessarily will make findings of fact. In this regard, the appellate court "should not reverse the factual findings of the trial court, where there is some competent and credible evidence in support of the trial court's findings." *Keller v. Keller*, 9th Dist. Wayne No. 04CA0084, 2005-Ohio-3302, ¶ 7.

### Modification of Child Support

{¶10} "Trial courts are vested with broad discretion when deciding whether to modify an existing child support order." *Creque v. Ioppolo*, 9th Dist. Summit No. 28909, 2019-Ohio-1333, ¶ 14, quoting *Hill v. Hill*, 9th Dist. Summit No. 27915, 2016-Ohio-910, ¶ 10. The moving party has the burden of proof to show the basis for a modification of the support order. *See Creque* at ¶ 14; *Hill* at ¶ 10, citing *Sterns v. Sterns*, 9th Dist. Summit No. 27427, 2015-Ohio-3866, ¶ 7.

{¶11} When modifying an existing child support order, a trial court must find that a change of circumstances has occurred. *Farmer v. Farmer*, 9th Dist. Medina No. 03CA0115-M, 2004-Ohio-4449, ¶ 10. In doing so, the trial court must complete a new child support worksheet, recalculating the amount of support required through the line establishing the actual obligation. *Id*., citing R.C. 3119.79(A); *Julian v. Julian,* 9th Dist. Summit No. 21616, 2004-Ohio-1430, ¶ 5. The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order. *Id*.

{¶12} Here, the existing child support worksheet underlying the previous support order calculated an obligation for Mr. Smith of $861.92 per month. Using the new financial information presented by the parties, the trial court found that Mr. Smith's child support obligation would increase to $1,213.59 per month. This new amount included the mandatory ten percent downward

deviation under R.C. 3119.051 because Mr. Smith had parenting time that exceeded 90 days per year. The trial court then concluded that a change in circumstances had occurred, because the new amount was ten percent greater than the amount Mr. Smith was required to pay under the current order.

### Deviations of Child Support

{¶13} This Court has held that "a trial court may deviate from the amount of child support prescribed by use of the basic child support order and worksheet if (1) it finds that the amount determined under the schedule is unjust or inappropriate; (2) it finds that the child support amount calculated under the child support schedule would not be in the best interest of the child; and (3) it states its findings of fact that support its determination." *Calvaruso v. Calvaruso*, 9th Dist. Summit No. 21392, 2003-Ohio-4906, ¶ 9. Ms. Roush does not challenge the trial court's factual findings on appeal.

{¶14} The trial court, in its March 24, 2020 judgment entry adopting the magistrate's decision, found that the basic child support calculated from the child support guidelines was unjust or inappropriate and therefore not in the best interests of the children. Accordingly, the trial court deviated from the support calculated from the child support guidelines. Specifically, the trial court stated:

> Upon consideration of R.C. 3119.22, R.C. 3119.23, R.C. 3119.231, R.C. 3119.24, however, the Court finds that the amount of child support calculated pursuant to the basic child support schedule is unjust or inappropriate and therefore not in the best interest of the children. The [c]ourt has considered and has given weight to R.C. 3119.23(C), (E), (G), (H), (I), (K) and (Q).

{¶15} In overruling the objections to the magistrate's decision, the trial court gave a detailed explanation of how it considered and applied each factor in granting the downward deviation. R.C. 3119.23(C) states that a trial court may consider "[e]xtended parenting time or

extraordinary costs associated with parenting time, including extraordinary travel expenses when exchanging the child or children for parenting time" when considering whether to deviate from the child support guidelines. The trial court found that Mr. Smith exercised in excess of 147 overnights with the children every year and considered this to be extended parenting time. The trial court found that this factor weighed in favor of a downward deviation.

{¶16} R.C. 3119.23(E) states that a trial court may consider "[t]he relative financial resources, including the disparity in income between parties or households, other assets, and the needs of each parent" when deciding to deviate child support. The trial court noted that while Ms. Roush argued that Mr. Smith's income far exceeded her income, Ms. Roush "enjoys a lifestyle of someone whose earnings far exceed her own" because of the support provided by her father, who is also her employer. The trial court found that this factor weighed toward a downward deviation.

{¶17} R.C. 3119.23(G) states that the trial court may consider "[b]enefits that either parent receives from remarriage or sharing living expenses with another person" when deciding to deviate from the child support guidelines. Ms. Roush argued that because Mr. Smith was going to remarry, this factor weighed against a downward deviation because he would be able to benefit from sharing his living expenses with another person. However, the trial court noted Mr. Smith testified he only receives about $150.00 per month towards his expenses from his fiancée. The trial court also noted that Ms. Roush's argument ignored the fact her father paid for almost all of her living expenses. The trial court determined that this factor weighed towards a downward deviation.

{¶18} R.C. 3119.23(H) states a trial court may consider "[t]he amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents" when considering whether to deviate from the child support guidelines. The trial court found "[t]he

primary evidence regarding this factor was that [Ms. Roush]'s refund went in its entirety to grandfather for rent" and concluded that this factor did not weigh in either direction.

{¶19} R.C. 3119.23(I) states that a trial court may consider "[s]ignificant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing" when considering whether to deviate from the child support guidelines. The trial court noted the shared parenting agreement provided that the parties split the majority of costs associated with the children, and found that this factor did not weigh in either direction.

{¶20} R.C. 3119.23(K) states that a trial court may consider "[t]he standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married" when considering a deviation from the child support guidelines." The trial court found "[t]he evidence presented shows that both parties maintain an above-average standard of living" and that the "[t]he evidence presented shows that the parties maintained a similar standard of living [when] the parties were married." The trial court concluded that this factor did not weigh in either direction.

{¶21} R.C. 3119.23(Q) states the trial court may consider "any other relevant factor" in considering a deviation from the child support guidelines. Mr. Smith testified that Ms. Roush threatened to take him to court for more child support unless he terminated his relationship with his fiancée. Ms. Roush testified that the comment was in response to an altercation between Mr. Smith's fiancée and his children of which Ms. Roush was aware. Mr. Smith maintained his relationship with his fiancée and Ms. Roush contacted CSEA. Additionally, the trial court noted that the magistrate took issue with Ms. Roush's credibility "due to her apparent intention to keep her income at a level to qualify for government assistance while [her father] primarily paid her

expenses." The magistrate found Mr. Smith's version of events more credible than Ms. Roush's version, a factor the court considered under R.C. 3119.23(Q), and found it weighed towards a downward deviation.

{¶22} Ms. Roush also argues on appeal that the trial court "failed to consider or make a finding that the downward deviation was in the children's best interests." As noted above, the trial court did make a best interest determination in its March 24, 2020 judgment entry. The record shows the trial court did not expressly make a second best interest finding in ruling on the objections. However, the trial court undertook an independent review of the factors considered in making a best interest finding and overruled Ms. Roush's objections. Ohio courts have long held that a trial court's silence on objections implies those objections are overruled when a trial court proceeds to enter judgment on those objections. *See Georgin v. Georgin*, 12th Dist. Warren No. CA2021-09-088, 2022-Ohio-1548, ¶ 15 ("[T]he trial court's silence as to the parties' other objections implies those objections were overruled by the trial court when it proceeded to enter judgment on the objections.); *Knop v. Knop*, 11th Dist. Lake No. 2015-L-107, 2016-Ohio-7146, ¶ 60 ("The trial court's silence implies the objection [to the magistrate's decision] was overruled."); *Phillips v. Phillips*, 5th Dist. Stark No. 2014CA00090, 2014-Ohio-5439, ¶ 28 ("While the trial court never expressly addressed each and every objection, it is presumed that the trial court, sub silentio, overruled the objections when it proceeded to enter judgment disposing of the objections."); *see also Portofe v. Portofe*, 153 Ohio App.3d 207, 2003-Ohio-3469, ¶ 16 (7th Dist.) ("Ohio law is well established that where the court fails to rule on an objection or motion, it will be presumed that the court overruled the objection or motion.").

{¶23} Accordingly, in considering the evidence in the record, we cannot conclude the trial court abused its discretion in modifying the child support order and deviating the amount

warranted by the guidelines downward to the amount that Mr. Smith had previously been ordered to pay.

**{¶24}** Ms. Roush's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED IN IMPUTING FULL[-]TIME EMPLOYMENT WAGES FOR [MS. ROUSH] WHO IS A FULL-TIME COLLEGE STUDENT.**

**{¶25}** In her second assignment of error, Ms. Roush argues that the trial court erred in imputing income for her. Ms. Roush did not object to the imputation of income with the trial court and, as such, has forfeited the issue for appeal.

**{¶26}** Civ.R. 53(D)(3)(b)(iv) states as follows:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶27}** Civ.R. 53(D)(3)(b)(ii) requires that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." "Where a party fails to raise an issue in its objections to a magistrate's decision, that issue is forfeited on appeal." *Niederst v. Niederst*, 9th Dist. Summit No. 28846, 2018-Ohio-5320, ¶ 34, quoting *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24; *see also* Civ.R. 53(D)(3)(b).

**{¶28}** Here, Ms. Roush did not object to the magistrate's factual finding that she was voluntarily underemployed or unemployed, or the imputation of income to her. Ms. Roush's objections stated: "While [Ms. Roush] does not object to the imputed income found by the

[m]agistrate, she does object to the deviation granted by [Mr. Smith]."[2] In fact, Ms. Roush explicitly stated in her objections to the trial court that she did not object to the imputed income found by the magistrate. Accordingly, Ms. Roush has forfeited the issue, leaving only plain error to be argued on appeal. Ms. Roush has not argued plain error on appeal. Because Ms. Roush has forfeited this argument and has not argued plain error on appeal, we will not address its merits. *See Lucas v. Noel*, 9th Dist. Medina No. 18CA0080-M, 2020-Ohio-1546, ¶ 16; *State v. Perkins*, 9th Dist. Medina No. 17CA0048-M, 2018-Ohio-2240, ¶ 7. Contrary to assertions in the dissenting opinion, this Court takes no position regarding the trial court's finding of underemployment or unemployment as that issue is not before this Court.

{¶29} Accordingly, Ms. Roush's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN CONSIDERING THAT [MS. ROUSH] WOULD NOT HAVE FILED FOR MODIFICATION TO THE CHILD SUPPORT ORDER ABSENT THE STATE'S MOTION FOR MODIFICATION OR RECALCULATION**.

{¶30} In her third assignment of error, Ms. Roush argues the trial court erred in conducting a deviation analysis under R.C. 3119.23(Q) by considering the fact that the parties were satisfied with the prior support order and Ms. Roush "would not have requested a child support modification absent a personal dispute regarding [Mr. Smith's] relationship with his paramour." For the reasons that follow, we overrule this assigned error.

---

[2] The dissent argues, without citation to statute or case law, that the imputation of income and the deviation analysis are "inextricably intertwined." However, the imputation of income and the deviation of child support involve separate statutes and analyses pursuant to R.C. 3119.01(C)(17) and R.C. 3119.23 respectively.

Standard of Review – Objections to Magistrate's Decision

**{¶31}** "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Niederst,* 2018-Ohio-5320, at ¶ 10, quoting *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore*, 5 Ohio St.3d at 219.

**{¶32}** Here, Ms. Roush argued in her objections to the magistrate's decision, and argues on appeal, that the trial court erred in its R.C. 3119.23 analysis. R.C. 3119.23 outlines factors a trial court should consider when deciding whether to deviate from the child support guidelines. Under R.C. 3119.23(Q), the trial court may consider "[a]ny other relevant factor" when determining whether to grant a deviation pursuant to R.C. 3119.22. In our resolution of the first assignment of error, we outlined the seven relevant factors found in R.C. 3119.23 that the trial court considered when granting the deviation.

**{¶33}** Ms. Roush singles out and specifically challenges the trial court's analysis under R.C. 3119.23(Q), which states the trial court can consider "any other relevant factor," along with the other factors in R.C. 3119.23. The trial court's order deviating the child support stated:

> With regard to R.C. 3119.23(Q), the [c]ourt finds that both parties were satisfied with the prior support order; and, that, [Ms. Roush] would not have requested a child support obligation, but for a recent dispute between the parties regarding [Mr. Smith]'s decision to continue in a relationship with his paramour, despite giving [Ms. Roush] assurances to the contrary.

Ms. Roush argues it was error for the trial court to consider her motivations in requesting a child support modification, an argument she also raised in her objections to the magistrate's decision.

**{¶34}** With respect to the ruling on Ms. Roush's objection, the trial court stated:

R.C. 3119.23(Q) considers any other factor. The [m]agistrate considered [Ms. Roush]'s motives for requesting additional child support as a factor, to which [Ms. Roush] specifically objects. [Mr. Smith] testified that [Ms. Roush] threatened to take him to court for more child support unless he terminated his relationship with his fiancée. [Ms. Roush] testified that her comment was the response of an altercation between [Mr. Smith]'s fiancée and the minor children. Nevertheless, [Mr. Smith] maintained his relationship with his fiancée and [Ms. Roush] contacted Child Support Enforcement Agency about a modification in child support.

The [m]agistrate took issue with [Ms. Roush]'s credibility due to the apparent intention to keep her income level to qualify for government assistance while grandfather primarily paid her expenses, as such, the [m]agistrate found [Mr. Smith]'s version of events more credible and considered it as part of R.C. 3119.23(Q).

If this were to be considered as a factor, then it would weigh towards awarding a downward deviation.

In ruling on Ms. Roush's objections, the trial court stated:

After weighing the factors, a deviation is warranted in this matter. Even without considering R.C. 3119.23(Q), three of the deviation factors weigh towards a downward deviation, four of the deviation factors do not weigh in either way, and <u>none of the deviation factors weigh towards awarding an upwards deviation or not awarding a deviation.</u>

(Emphasis added). The trial court made clear that even without considering R.C. 3119.23(Q), none of the factors weighed in Ms. Roush's favor. Because none of the factors weighed in her favor, the record does not demonstrate that the trial court abused its discretion by overruling Ms. Roush's objections with respect to R.C. 3119.23(Q).

{¶35} Accordingly, Ms. Roush's third assignment of error is overruled.

III.

{¶36} Ms. Roush's three assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

**{¶37}** I respectfully dissent from the majority opinion. I would sustain Ms. Roush's first assignment of error on the basis that the trial court abused its discretion by finding that a downward deviation was warranted. *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 21 ("This Court reviews a trial court's determination regarding child support matters for an abuse of

discretion."); R.C. 3119.22 (providing that a court may deviate from the support amount calculated under the basic child support schedule and the applicable worksheet if that amount "would be unjust or inappropriate and therefore not be in the best interest of the child."). I would also reverse the trial court's judgment in this regard on the basis that the trial court failed to determine that the amount under the basic child support schedule and applicable worksheet was not in the best interests of the children. R.C. 3119.22; *Irish v. Irish*, 9th Dist. Lorain No. 10CA009810, 2011-Ohio-3111, ¶ 19.

{¶38} In its decision, the magistrate indicated that it weighed the deviation factors contained within R.C. 3119.23(C), (E), (G), (H), (I), (K), and (Q), but only explained its analysis relative to "[a]ny other relevant factor" under R.C. 3119.23(Q). To that end, the magistrate noted that Ms. Roush would not have requested a child support modification but for a recent dispute between the parties regarding Mr. Smith's fiancée. In her objections to the magistrate's decision, Ms. Roush argued that her motivation for seeking a modification of the support order was not relevant.

{¶39} In ruling on Ms. Roush's objections, the trial court indicated that, even without considering Ms. Roush's motivation as a factor, three deviation factors weighed toward a downward deviation: R.C. 3119.23(C) (regarding extended parenting time); (2) R.C. 3119.23(E) (regarding relative financial resources); and (3) R.C. 3119.23(G) (regarding the benefits the parties receive from sharing living expenses). The trial court avoided directly addressing whether the magistrate erred by considering Ms. Roush's motivation as a factor under R.C. 3119.23(Q), presumably because the law is clear that a parent's subjective motivations are not relevant to the needs of minor children. *See Collins v. Collins*, 9th Dist. Wayne No. 10CA0004, 2011-Ohio-2087, ¶ 43, citing *Rock v. Cabral*, 67 Ohio St.3d 108, 111 (1993) (acknowledging that a parent's

subjective motivations in the context of child support proceedings are not relevant because the "central inquiry under the statutory scheme is the best interests of the children."); *Irish*, 2011-Ohio-3111, at ¶ 13, citing *Carnes v. Kemp*, 104 Ohio St.3d 629, ¶ 10. ("The purpose of child support is to meet the needs of the minor children.").

{¶40} Regarding the latter two deviation factors (i.e., R.C. 3119.23(E) regarding relative financial resources and R.C. 3119.23(G) regarding the benefits the parties receive from sharing living expenses), the trial court focused on the fact that Ms. Roush's father pays for some of her expenses. In its prior judgment entry adopting the magistrate's decision, however, the trial court determined that Mr. Smith failed to present "specific, quantifiable figures" as to the amount Ms. Roush's father pays for some of Ms. Roush's expenses (including the amount Ms. Roush's father pays to maintain the home she lives in), such that the trial court determined it could not include those "additional subsidies as income" to Ms. Roush. Additionally, the trial court's focus on Ms. Roush's father's financial support ignored the fact that Ms. Roush is a full-time student receiving public assistance, and that some of her father's financial support went toward providing clothing, groceries, and orthodontia for Ms. Roush and Mr. Smith's minor children.

{¶41} This Court's case law supports the proposition that, when a parent receives a quantifiable amount of financial assistance from another source–such as that parent's own parent(s)–and that amount is supported by evidence in the record, then a trial court does not abuse its discretion when it considers that amount as part of a parent's gross income for purposes of calculating child support. *Hahn v. Hahn*, 9th Dist. Medina No. 11CA0064-M, 2012-Ohio-2001, ¶ 30-31; *see* R.C. 3119.01(C)(12) (defining "[g]ross income" to include "all earned and unearned income from all sources * * *."). That is not what occurred here. Instead, without first determining that the evidence supported a finding that the financial support Ms. Roush receives from her father

was part of her gross income, the trial court used it to support its analysis under R.C. 3119.23(E) and (G). Yet, as noted, the trial court previously concluded that Mr. Smith failed to present "specific, quantifiable figures" as to the amount Ms. Roush's father pays for some of Ms. Roush's expenses, such that the trial court determined it could not include those "additional subsidies as income" to Ms. Roush.

{¶42} It is Mr. Smith's obligation to provide support for his children, not Ms. Roush's father's obligation. I would conclude that the trial court abused its discretion by allowing Mr. Smith to avoid paying more child support despite his income increasing by over $40,000 since the last child support calculation based upon the largely unquantified amount of financial support Ms. Roush receives from her father while she attends school full-time. *See Kenney v. Carroll*, 9th Dist. Medina No. 19CA0080-M, 2021-Ohio-1911, ¶ 27 ("this Court cannot say that Mother's parents' assets and financial resources – without more – should have been considered for purposes of calculating Father's child support obligation."); *compare Hahn*, 2012-Ohio-2001, at ¶ 31 (holding that "the trial court acted within its discretion in considering the money Husband received from his parents [as] part of Husband's gross income.").

{¶43} In affirming the decision of the trial court, the majority upholds a decision that allows the government (by way of the public assistance Ms. Roush receives) and a grandparent to pay for the needs of minor children despite those children having a parent with a six-figure income. "[T]he domestic relations court, as a court of equity, 'must have discretion to do what is equitable upon the facts and circumstances of each case.'" *Saari v. Saari*, 195 Ohio App.3d 444, 2011-Ohio-4710, ¶ 8 (9th Dist.), quoting *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). Here, the trial court failed to do what is equitable upon the facts and circumstances of this case by allowing Mr.

Smith to avoid paying a higher amount of child support while erroneously considering the financial support Ms. Roush receives from her father as part of its deviation analysis.

**{¶44}** Moreover, the trial court erred by failing to determine that the amount under the basic child support schedule and applicable worksheet was not in the best interests of the children. R.C. 3119.22 provides that if a trial court "deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet[,]" it must:

> enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, its determination that the amount would be unjust or inappropriate and therefore not in the best interest of the child, and findings of fact supporting that determination.

"It is well settled that the requirements of R.C. 3119.22 are mandatory and must be literally and technically followed." *Ohlemacher v. Ohlemacher*, 9th Dist. Lorain No. 03CA008252, 2003-Ohio-6582, ¶ 6. "If a trial court fails to comply with the literal requirements of the statute, it results in reversible error." *Id.*

**{¶45}** Here, the trial court adopted the magistrate's decision on the same day the magistrate issued it. That decision indicated that "the Court finds that the amount of child support calculated pursuant to the basic child support schedule is unjust or inappropriate and therefore not in the best interest of the children." The trial court's subsequent ruling on Ms. Roush's objections, however, did not contain a best interests finding. The majority cites Civ.R. 53(D)(4)(e)(i) for the proposition that, when the trial court overruled Ms. Roush's objections, it "adhered" to its prior decision, thereby eliminating any need for the trial court to reiterate its best interests finding. That Rule, however, provides that, "the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R.

53(D)(4)(e)(i). Here, the trial court did not simply "adhere" to its prior judgment. It provided a new analysis, including one in which it no longer considered Ms. Roush's motivation for seeking a modification of support under R.C. 3119.23(Q) as a factor in its ultimate decision. I, therefore, would hold that the trial court committed reversible error when it failed to comply with the literal requirements of R.C. 3119.22. *See Ohlemacher* at ¶ 6.

**{¶46}** While a reversal on Ms. Roush's first assignment of error would be dispositive of the appeal, I am compelled to address her second assignment of error. I would sustain Ms. Roush's second assignment of error on the basis that the trial court erred by determining that Ms. Roush was voluntarily unemployed and, relatedly, by imputing income to her. As the majority points out, "[t]his Court reviews a trial court's factual finding that a parent is voluntarily unemployed to determine if it was against the manifest weight of the evidence." *Stahl v. Stahl*, 9th Dist. Summit No. 27876, 2017-Ohio-4170, ¶ 19. Here, the trial court acknowledged that Ms. Roush attends college full-time and works part-time at her father's business. The trial court also acknowledged that Ms. Roush receives public assistance such as SNAP benefits, Medicaid, and a Pell Grant due to her income. Despite being employed part-time and in school full-time, the trial court concluded that Ms. Roush is voluntarily unemployed and imputed an annual income of $24,960 (calculated as "$12.00/hour x 40 hours/week x 52 weeks/year = $24,960.00") to Ms. Roush.

**{¶47}** The fact that a parent attends school, which would ultimately advance that parent's career and increase that parent's earning ability, should not render that parent voluntarily unemployed. *Winkler v. Winkler*, 10th Dist. Franklin No. 02AP-1267, 2003-Ohio-2418, ¶ 58 (holding, in part, that the trial court could reasonably conclude that a parent was not voluntarily underemployed as a result of returning to school); *Kellogg v. Current*, 3d Dist. Marion No. 9-02-08, 2002-Ohio-2827, ¶ 9 (holding that the trial court did not err by determining that a parent was

not voluntarily underemployed when that parent took a lesser paying job with fewer hours in order to attend college); *see Warner v. Warner*, 3d Dist. Union No. 14-03-10, 2003-Ohio-5132, ¶ 23 ("A temporary reduction in salary for the purpose of advancing one's career does not constitute voluntary underemployment."). I, therefore, would hold that the trial court's factual finding that Ms. Roush was voluntarily unemployed was against the manifest weight of the evidence.

{¶48} Because a trial court cannot impute income to a parent without first finding that the parent is voluntarily unemployed or underemployed, I would also hold that the trial court erred by imputing income to Ms. Roush. *Musci v. Musci*, 9th Dist. Summit No. 23088, 2006-Ohio-5882, ¶ 11 ("This Court has repeatedly held that, for purposes of calculating child support, the trial court cannot impute income to either party without first making a finding that the party is voluntarily unemployed or underemployed."). The majority, however, holds that Ms. Roush has forfeited any issue regarding her imputed income because she did not object to it below and has not argued plain error on appeal. Yet Ms. Roush objected to the trial court's deviation analysis, which is inextricably intertwined with its erroneous imputed income determination under the facts of this case. Accordingly, I would reverse and remand the matter for the trial court to re-calculate Mr. Smith's child support obligation without considering its previous calculation of Ms. Roush's imputed income.

{¶49} For the foregoing reasons, I respectfully dissent.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

MARK HERTRICK, Attorney at Law, for Appellee.